CATHERINE W. THAYER *vs.* HENRY K. THAYER.

On the hearing of a libel for divorce on the ground of adultery committed with a certain person, evidence of acts of adultery by the libellee with that person out of the Commonwealth and after the filing of the libel is competent to show the nature of the intercourse between them at the time when the adultery is alleged in the libel to have been committed.

LIBEL for divorce on the ground of adultery with Mrs. Parmelee, alleged to have been committed on October 2, 1866. The libel was filed November 27, 1866. The case was heard before *Wells*, J., who reported it for the determination of the full court substantially as follows :

It appeared that Mrs. Parmelee lived in the family of the libellee for about three years next previous to the filing of the libel. The evidence to sustain the allegations of the libel consisted of proof of close intimacy, acts of familiarity and circumstances of suspicion in the conduct of the libellee and Mrs. Parmelee towards each other. At the time or shortly before the time of filing the libel, the libellant separated from her husband, and the household was broken up.

On cross-examination, the counsel for the libellant was allowed, against the objection of the libellee, to inquire of him and of Mrs. Parmelee, as to the continuance of their relations to each other after the date of the libel and down to the time of the trial, and it appeared that they had been together at various places in and without the Commonwealth, in relations of intimacy ; although they both denied any other association than that of friends. The libellant was then allowed to call witnesses to prove that at some of the places where the libellee and Mrs. Parmelee had been together since the date of the libel, without the Commonwealth, their association had been adulterous, and that they had on several occasions committed adultery together. The libellee objected to all this testimony.

The judge ruled that, " for the purpose of showing what was the character of the relations between the libellee and Mrs. Parmelee, while living together in the same house before the separation of the husband and wife, and that their association

there was adulterous, it was competent to show a continuance of those relations after the separation and after filing the libel, and that their association afterwards was adulterous ; " and further ruled " that such adulterous relations at any time prior to the trial had some tendency to show that their association before the filing of the libel was of an adulterous character."

A divorce from the bond of matrimony was granted, subject to the opinion of the whole court upon the competency of the evidence admitted as to the conduct of the libellee after the date of the libel, and upon the ruling of the judge thereon.

*D. S. Richardson*, for the libellant.

*J. C. Kimball*, for the libellee.

COLT, J. The libellee, in support of his objection to the testimony which was admitted to prove adultery on several other occasions, since the date of the libel, out of the limits of the Commonwealth, relies upon the case of *Commonwealth* v. *Horton*, 2 Gray, 354. It was there held, upon the trial of an indictment for adultery with a person named, that evidence of subsequent cohabitation in another county was not admissible. This decision was by a majority of the court. It is put upon the familiar principle in criminal law, that evidence tending to prove a similar, but distinct offence, for the purpose of raising an inference or presumption that the accused committed the particular act with which he is charged, is not admissible. The case cited was followed by *Commonwealth* v. *Thrasher*, 11 Gray, 450, where it is broadly laid down that acts of improper familiarity, amounting to adultery, between the same parties, before the time relied on as the time of the commission of the adultery charged, is inadmissible, either in corroboration of the witnesses for the Commonwealth, or to show the disposition of the parties to commit the crime. Both these cases follow and approve *Commonwealth* v. *Merriam*, 14 Pick. 518, where it was held that other instances of improper familiarity between the defendant and the same woman might be given in evidence to corroborate the witness; but both reject such evidence where it tends to show a substantial act of adultery on a different occasion.

If these two cases are to be regarded as stating the true rule

which governs the admission of this kind of evidence, then the defendant's objection is well taken. In the opinion of the court, there is in each case a plain misapplication of the rules of evidence to the facts presented.

The evidence by which the act of adultery is proved is seldom direct. The natural secrecy of the act makes it ordinarily impossible to prove it, except by circumstantial evidence. The circumstances must be such, indeed, as "to lead the guarded discretion of a reasonable and just man to the conclusion of guilt." But when adulterous disposition is shown to exist between the parties at the time of the alleged act, then mere opportunity, with comparatively slight circumstances showing guilt, will be sufficient to justify the inference that criminal intercourse has actually taken place. The intent and disposition of the parties towards each other must give character to their relations, and can only be ascertained, as all moral qualities are, from the acts and declarations of the parties. It is true, that the fact to be proved is the existence of a criminal disposition at the time of the act charged; but the indications by which it is proved may extend, and ordinarily do extend, over a period of time both anterior and subsequent to it. The rules which govern human conduct, and which are known to common observation and experience, are to be applied in these cases, as in all other investigations of fact.

An adulterous disposition existing in two persons towards each other is commonly of gradual development; it must have some duration, and does not suddenly subside. When once shown to exist, a strong inference arises that it has had and will have continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties. It is this character of permanency which justifies the inference of its existence, at any particular point of time, from facts illustrating the preceding or subsequent relations of the parties. The rule is, that a condition once proved is presumed to have been produced by causes operating in the usual way, and to have continuance till the contrary be shown.

The limit, practically, to the evidence under consideration is

that it must be sufficiently significant in character, and sufficiently near in point of time, to have a tendency " to lead the guarded discretion of a reasonable and just man " to a belief in the existence of this important element in the fact to be proved. If too remote or insignificant, it will be rejected, in the discretion of the judge who tries the case. The fact that the conduct relied on has occurred since the filing of the libel does not exclude it; and proof of the continuance of the same questionable relations during the intervening time, as in the case at bar, will add to its weight.

It is noticeable, that, while both of the cases first named are placed upon the same rule of evidence in criminal proceedings, they both recognize the principles here stated, and also the exception to the rule, which permits the proof of a distinct offence, when such evidence tends to establish an element in the crime charged, as when guilty knowledge or some particular criminal intent is to be shown. But by the application of the rule laid down in these cases, evidence tending to establish an independent crime is to be rejected, although all acts which are only acts of improper familiarity are to be admitted in proof. There is no sound distinction to be thus drawn. There is no difference between acts of familiarity and actual adultery committed, when offered for the purpose indicated, except in the additional weight and significance of the latter fact. The concurrent adulterous disposition of the defendant and the *particeps criminis* cannot be shown by stronger evidence than the criminal act itself. There is no one act by which the moral status of the parties is more clearly defined. And for the purposes and with the limitations here stated, evidence of it is always admissible. *Boody v. Boody,* 30 L. J. (N. S.) Prob. & Adm. 23. *Commonwealth v. Lahey,* 14 Gray, 91. *Commonwealth* v. *Pierce,* 11 Gray, 447.

*Decree affirmed.*