*J. L. Eldridge,* for the defendant.

*J. E. Tirrell,* for the plaintiff.

---

## WILLIAM W. BROOKS *vs.* MATTIE BROOKS.

Norfolk.   Nov. 15, 1887. — Jan. 6, 1888.   DEVENS & W. ALLEN, JJ., absent.

On the hearing of a libel for divorce on the ground of adultery committed with a certain person, evidence of sexual intercourse by the libellee with that person on the morning of her marriage to the libellant, and evidence of acts of familiarity shortly before the marriage, are admissible to show the nature of the intercourse between them shortly after the marriage, when the adultery was alleged to have been committed.

LIBEL FOR DIVORCE, filed April 15, 1887, charging the libellee with committing adultery with Charles R. Percival, on June 15, 1886, at Boston, on June 25, 26, 27, 1886, at Revere, on June 26, 1886, at Boston, and on September 21, 1886, at Revere. The case was heard before *Field,* J., who allowed a bill of exceptions, in substance as follows:

The libellant offered evidence that sexual intercourse was had by the libellee with said Percival, at a hotel in Boston, in the forenoon of the day of the marriage, and before the marriage, which was on June 15, 1886, and also offered evidence of certain familiarities with Percival, consisting of visits by the libellee to the room of Percival in said hotel, within a short time preceding said marriage. To this evidence the libellee objected, and the judge admitted the same solely on the ground that it tended to

prove sexual intimacy with the same person who was charged in the libel with acts of adultery with the libellee, after marriage, to support which other evidence was offered and received without objection.

The judge found, as a fact, that the libellee was guilty of adultery with Percival, after marriage. The libellee alleged exceptions to the admission of this testimony.

*H. Dunham,* for the libellee.

*W. Gaston & T. E. Grover,* for the libellant.

HOLMES, J. It is settled that evidence of indecent familiarities with the person with whom adultery is charged, and even of sexual intercourse with him, at other times after marriage, is admissible to explain the character of ambiguous conduct relied on as evidence of the act of adultery in issue. *Thayer* v. *Thayer,* 101 Mass. 111. *Commonwealth* v. *Nichols,* 114 Mass. 285. *Commonwealth* v. *Merriam,* 14 Pick. 518. There can be no doubt that evidence of sexual intercourse on the morning of the marriage, and of acts of familiarity shortly before, tends in like manner to explain doubtful conduct shortly after it. The objections based on the general rules of evidence are answered by *Thayer* v. *Thayer.* It is said that marriage operates as an oblivion of all that is passed. But there is no reason for making of this rule a veil of fiction which prevents the facts from throwing their natural light on subsequent events. See *Weatherley* v. *Weatherley,* 1 Spinks 193, 196; *Van Epps* v. *Van Epps,* 6 Barb. 320. *Exceptions overruled.*