## VANSANT *v.* LINDSLEY.

PRACTICE; BILLS OF PARTICULARS.

1.  It is within the sound discretion of a trial court to grant or deny a motion for a bill of particulars, and its action will not be disturbed if such a motion is denied unless on appeal, after final trial, it appears that substantial injury resulted from the denial of the motion.

2.  In an action of *crim. con.*, the declaration is sufficiently specific if it alleges the date of the offense charged and follows with the general allegation, usual in similar actions, of the repetition of the offense on divers days thereafter; and a motion by the defendant for a bill of particulars is properly denied.

No. 216.   Submitted January 16, 1894.—Decided February 15, 1894.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, holding a law term, denying a motion for a bill of particulars in an action of *case*. *Affirmed.*

The FACTS are sufficiently stated in the opinion.

*Mr. Henry Wise Garnett* and *Mr. W. V. R. Berry* for the appellant.

This motion is precisely similar to the one made in the celebrated case of *Tilton* v. *Beecher*, 59 New York, 176.

In that case the complainant alleged that the defendant had criminal intercourse with the plaintiff's wife "on or about the 10th day of October, 1868, and on divers other days and times after that day and before the commencement of this action." The defendant thereupon prayed for a bill of particulars, *in exactly the same words as are set out in the motion in this case,* and his motion was also denied in the court below. The case was argued for the appellant by Wm. M. Evarts, who cited many authorities (page 179), and thereupon the Court of Appeals sustained his position and held that in a case of *crim. con.* a court of original jurisdiction has power to require the plaintiff to furnish the defendant a bill of particulars, and granted the motion. *Tilton* v. *Beecher,* 59 N. Y., pp. 184-186, where Rapallo, J., cites many authorities. See also Chancellor Walworth's opinion in *Wood* v. *Wood,* 2 Paige, 108 ; *Davies* v. *Chapman,* 6 Ad. and El., 767, and other cases cited in *Tilton* v. *Beecher* ; American and English Cy. of Law, Vol. 2, p. 246, and cases cited. *Brown* v. *Calvert,* 4 Dana (Ky.) 219. This court may require, when the allegations of a pleading are indefinite or uncertain, that the pleading be made definite and certain.

*Mr. D. W. Glassie* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from an order of the Supreme Court of the District of Columbia, in special term, overruling defendant's motion for a bill of particulars.

Plaintiff's action is on the case for damages on account of the alienation of his wife's affections. The declaration alleges, among other things, that the defendant " hitherto, to wit, on June 1, 1886, and on divers other days and times before the commencement of this suit, at Washington, District of Columbia, wrongfully, wickedly and unjustly debauched and carnally knew the said Mary A. A. Lindsley, then and there being the wife of said plaintiff." The defendant filed a motion for a bill of particulars, asking

" that the plaintiff be required to set out the particular times and places at which the plaintiff expects or intends to prove that any acts of adultery " took place.

From the order denying the motion an appeal was prosecuted to the General Term, from whence it has been regularly transferred to this court.

We would dismiss this appeal, on the ground that the order appealed from does not " involve the merits of the action or proceeding," as those words are used in the statute regulating appeals to the general from the orders made in the special terms, but for the assurance that the General Term has been accustomed to entertain appeals from orders of this nature. *Tilton* v. *Beecher*, 59 N. Y., 176.

The question of the propriety of ordering or refusing a more specific statement of the plaintiff's cause of action, by way of a bill of particulars, is one within the sound discretion of the trial court, and its order made in the exercise thereof, ought not to be disturbed unless, on appeal, after final trial, it shall appear that substantial injury was done the defendant by reason of the refusal of his demand.

While bills of particulars may be ordered in cases of this character, still a somewhat wider range of evidence is permissible in them than in those where such particulars are more generally required. *Thayer* v. *Thayer*, 101 Mass., 111. Circumstances and situations from which the necessary facts in a case of this kind may be inferred, play a much more important part than in many others, and to a certain extent, interfere with great precision in allegation. Still it is not permissible to be so general in the charges as that they may have the appearance of mere suspicions which the pleader relies upon fishing up testimony to support. *Wood* v. *Wood*, 2 Paige Ch., 108.

There should always be such certainty as the nature of the case permits, in order that the defendant may have reasonable opportunity to be prepared with his defense; and when the allegations of the plaintiff are general and vague, and it is reasonable to presume that he could be more pre-

cise in his statements, an order for a bill of particulars ought to be granted, if demand be made in good season.

Unless it be reasonably clear that the plaintiff could be more precise in his allegations, or that it be necessary to a fair trial that the defendant should be apprised of what he has to meet with more certainty than is contained in the declaration, the motion should be refused.    Neither of these grounds appears on the face of the declaration in this case.    It gives one precise date as the starting point of the investigation, and follows with the general allegation, usual in similar actions, of the repetition of the offense charged on divers days, &c., thereafter.    We cannot perceive wherein any substantial harm will be done the defendant by the denial of his motion.

*There being no error, the order appealed from will be affirmed, with costs to the appellee; and the cause will be remanded for further proceeding.    It is so ordered.*