# REPUBLIC OF HAWAII *vs.* KAMAKAUILA and KILIKINA HATCH.

## EXCEPTIONS.

HEARING, DECEMBER 18, 1894. DECISION, FEBRUARY 1, 1895.

JUDD, C.J., BICKERTON, J., AND WHITING, CIRCUIT JUDGE, WHO SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLLESS.

Where persons are charged with adultery as having been committed within one month prior to date of the warrant to arrest them, evidence tending to show an offense of the same character committed after the time laid in the charge is admissible as proof of the continuing adulterous relations between the defendants, and the jury should have been so instructed. It was error to charge the jury that proof of adultery " *at* or previous to the time of the arrest was sufficient to convict."

### OPINION OF THE COURT, BY JUDD, C.J.

The above named defendants were convicted of the offense of adultery, on appeal, by the jury at the last November. Term of the Circuit Court, First Circuit. The charge made in the District Court was "adultery in Honolulu within one month prior to October 16, 1894."

The clerk's minutes of the proceedings in the Circuit Court state the charge to be "adultery"—giving no further particulars. Presumably, the same charge as made in the district court was renewed on appeal in circuit court, but the minutes of proceedings of the Circuit Court should show it in full.

At the trial, evidence was given of the defendants' living and associating together as man and wife, though not married to each other, prior to the arrest. If the prosecution had rested here the jury would have been authorized to find the verdict they did. But the prosecution put on evidence under objections by defendants, of the circumstances in which the

defendants were when arrested on the 17th October, early at 2 o'clock A. M., of the next day after the warrant was issued. These facts went to the jury on the following charge which was excepted to by defendants' counsel: "It is immaterial in criminal prosecutions that the date be exactly proved as laid; it is sufficient if you find in this case that this act (of adultery) was committed at or previous to the time of the arrest." We regret being obliged to disturb the verdict in a case like this where the proofs of guilt are so clear,—but, under the instruction, the jury might have found defendants guilty of the offense committed after the warrant was issued and at a date subsequent to the time covered by the charge. Such evidence of conduct occurring after the substantive charge of adultery is only admissible as corroborative facts, throwing light upon the previous nature of the intercourse between the parties and showing the continuance of an adulterous disposition. The case from which we derive this rule of law applicable to cases of this character is *Thayer vs. Thayer*, 101 Mass., 111. In this case the court commented upon previous cases in the same court *Com. vs. Horton*, 2 Gray, 365; *Com. vs. Thrasher*, 11 Gray, 450; *Com. vs. Merriam*, 14 Pick., 518; where prior or subsequent acts of improper familiarity are rejected, as tending to show a substantial act of adultery on a different occasion, and say that in these cases "there is a plain misapplication of the rules of evidence to the facts presented."

In admitting testimony to prove adultery on occasions subsequent to the date of the charge, the court in *Thayer vs. Thayer*, say: "An adulterous disposition existing in two persons towards each other is commonly of gradual development; it must have some duration; and does not suddenly subside. When once shown to exist, a strong inference arises that it has had and will have continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties. It is this character of permanency which justifies the inference of its existence, at any particular point of time, from facts illustra-

ting the preceding or subsequent relations of the parties. The rule is, that a condition once proved is presumed to have been produced by causes operating in the usual way, and to have continuance till the contrary be shown.

"The limit, practically, to the evidence under consideration is that it must be sufficiently significant in character, and sufficiently near in point of time, to have a tendency 'to lead the guarded discretion of a reasonable and just man' to a belief in the existence of this important element in the fact to be proved. If too remote or insignificant, it will be rejected, in the discretion of the judge who tries the case. The fact that the conduct relied on has occurred since the filing of the libel does not exclude it ; and proof of the continuance of the same questionable relations during the intervening time, as in the case at bar, will add to its weight."

If the evidence of the circumstances of the parties at the time of the arrest had gone to the jury upon an instruction similar to the above it would be unobjectionable. The evidence was admissible, for the proof of the criminal act is the best proof of the adulterous disposition as evidenced by the previous acts—but the charge, as made, did not cover the time within which these acts occurred, and the jury might not have found the adultery alleged to have been committed "within one month prior to October 16th," and convicted the parties upon the evidence of the situation and circumstances of the parties existing on the 17th October.

If the charge when the parties had been presented for trial had been enlarged so as to include this date (17th October) then proof of the facts detailed as existing on that date would properly have gone to the jury, as it did, as a substantial offense.

Exceptions sustained and a new trial ordered.

*J. K. Kahookano*, for prosecution.

*W. C. Achi*, for defendants.