REPUBLIC OF HAWAII *v.* L. K. WAIPA (k) and AWA PUU (w).

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED SEPTEMBER 25, 1896.    DECIDED OCTOBER 12, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

The record of a marriage duly made, the statute requiring such record, introduced by the custodian of such record is competent evidence to prove such marriage. In such case it is not necessary to prove that the celebrant of the marriage had the requisite authority to solemnize marriages, or that a license to marry had been granted, or that such agent had the authority to so grant marriage licenses.

Proof of identity of the parties alleged to be married properly left to jury.

Evidence of prior acts of illicit intercourse between the parties charged with adultery is admissible as showing a continuous adulterous disposition.

OPINION OF THE COURT BY JUDD, C. J.

The defendants were convicted of the offense of adultery at the last (June) term of the Circuit Court, Second Circuit. The adultery was laid as having been committed on the 18th of April last, at Pauwela, Makawao, Maui. The exceptions taken are, first, to the admissibility of evidence to prove the marriage of Awa Puu (w) to one Puu, she, Awa, being alleged

to be a married woman with whom sexual intercourse is charged with Waipa, she not being his wife. The prosecution offered the record of the marriage in question as celebrated by one Father Gulstan, in a book kept by the Roman Catholic Church in Wailuku, Maui, and coming from the custody of the priest in charge. The parties married are described as residents of Pauwela, Maui. This was objected to on the ground that the prosecution should first prove that the person who performed the ceremony had lawful authority to do so; that a license to marry had been duly issued, exhibited or delivered to the person performing the ceremony; that the person issuing the license to marry had authority to grant the same, and that the parties, Awa and Puu, be identified as the parties named in the marriage record. The prosecution claimed that it had evidence of the marriage.

The court overruled the objection and the prosecution put in evidence a marriage certificate by Father Gulstan that Victoria Awa and Puu were married by him in Makawao, Maui, on the 6th January, 1891. The same objections were made to this evidence as were made to the former. The court admitted the evidence which was excepted to. Later, the prosecution offered the license to Puu and Victoria Awa to marry, dated 5th January, 1891, given by one Hao Kawaimaka signing himself as "An agent to grant marriage licenses for the District of Makawao, Maui," and defendants' counsel objected to the introduction of this license on the ground that the said Hao Kawaimaka was not proven to be authorized to issue such a license and that his signature to the license was not proven. The admission of this evidence is also made a ground of exception.

The exceptions should be overruled. As we have seen in *Republic of Hawaii v. Kuhia and Muolo( ante,* p. 440), on a charge of adultery, marriage must be proved by direct evidence. The record and the certificate of it in evidence were required to be made by the statute then in force. Compiled Laws, p. 424. Upon this matter Bishop on Marriage & Divorce, I Vol.

Sec. 461, says, "Where the law entrusts a public officer with the making and preserving of a record of a public nature and interest, the presumption is that he does his duty; therefore, and perhaps for some further reasons also, the record is evidence of the fact. The book itself may be presented to the court; or a certificate of the required record, made by the officer charged with its keeping, will be received instead."

This statement of the law that a certificate of a marriage record is admissible we adopt, it being sound in principle and in accordance with the practice of our courts. The certificate of the priest (the second paper produced) we must remember is not a certificate of the marriage record, but a mere declaration of an authorized person that he had solemnized the marriage. The admissibility of such a certificate, not under oath, unaccompanied by proofs of its delivery at the time to the parties, is in many jurisdictions deemed inadmissible. See Bishop, Mar. & Div. Sec. 473a. Having found that the certificate of the marriage record was admissible, it is not necessary to pass upon the admissibility of a certificate of the bare fact of a marriage having been performed.

On the point that the prosecution must prove that a license to marry must be proven, we hold that this is not necessary. "When the law casts upon an official person a duty connected with his office, and the time for its performance transpires, the *prima facie* presumption is that it is done." 1 Bishop, Mar. & Div. Sec. 450. The presumption holds good until the contrary is shown. It was therefore not necessary to produce the license to marry nor to prove that the agent who granted it had the requisite authority.

The further objection is that there was no proof of the identity of the parties, Puu and Awa, who are mentioned in the marriage record. There is evidence sent up that the parties lived together at Pauwela, Maui, as man and wife, for some years after the date of the alleged marriage, also that the husband Puu went with the officers who found the wife in suspicious relations with Waipa. This went to the jury under

a proper instruction as proof of the identity of the parties and the jury were justified in finding it sufficient. The Awa of Pauwela married to Puu lived at Pauwela with Puu, as her husband, and the Puu of Pauwela pursued the defendant Waipa as the adulterer of Awa his wife.

Defendants also except to the introduction of proof of an act of illicit intercourse prior to that laid in the charge, to wit, on the 8th March. This evidence was admitted and the court instructed the jury that they could not convict the defendants of adultery on the 8th March, but, if they believed the testimony, they might take it into consideration as bearing upon their relations to one another, as to their undue intimacy and adulterous disposition one with the other. This is sound law. In 2 Greenleaf, Sec. 47, the author says,. "Where the fact of adultery is alleged to have been committed within a limited period of time, it is not necessary that the evidence be limited to that time; but proofs of acts anterior to the time alleged may be adduced, in explanation of other acts of the like nature within that period." The learned author adds that "where the charge is of one act of adultery only, in a single count, to which evidence has been given, the prosecutor is not permitted afterwards to introduce evidence of other acts, committed at different times and places." The cases cited support this view. *State v. Bates*, 10 Conn. 372; *Commonwealth v. Horton*, 2 Gray, 354; *Commonwealth v. Thrasher*, 11 Gray, 453. But in *Thayer v. Thayer*, 101 Mass. 111, the opposite view is taken, admitting evidence of previous acts, and reversing the former Massachusetts cases. It was affirmed in *Commonwealth v. Nichols*, 114 Mass. 285. In *State v. Witham*, 72 Me. 535, the court say, "Latterly, however, courts and text writers are rapidly falling in with the view that acts prior and also subsequent to the act charged in the indictment, when indicating a continuousness of illicit intercourse, are admissible in evidence as showing the relation and mutual disposition of the parties; the reception of such evidence to be largely controlled by the judge who tries the cause, and.

the evidence to be submitted to the jury with proper explanation of its purpose and effect.    We think this doctrine is most in accordance with the logic of the law and the authorities."    To the same effect is *State v. Potter*, 52 Vt. 33.    See 1 Am. & Eng. Encyc. of Law, p. 214 and cases cited; also compare *Republic of Hawaii v. Kamakauila*, 9 Haw. 608.    This is our view also.

The exception to the verdict as being contrary to the evidence and the weight of evidence was not argued and was presumably abandoned.

We overrule the exceptions.

*Dep. Atty. Gen'l Dole*, for prosecution.

*A. Rosa*, for plaintiff.