(70 App. Div. 576.)

### GLEAN v. GLEAN.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

MARRIAGE—ANNULMENT—FRAUD.

    The fact that a husband had unlawfully cohabited with a woman other than his wife for some years prior to his marriage, by whom he had several children, and that he concealed and misrepresented the facts to induce the marriage, is not fraud, within the meaning of Code Civ. Proc. § 1743, subd. 4. authorizing the annulment of a marriage if the consent of one of the parties was obtained by fraud.

Appeal from special term, New York county.

Action to annul a marriage, by Minnie G. Glean, by George Dodson, her guardian ad litem, against Robert G. Glean. From an order denying a motion to serve an amended complaint, the plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Maurice Meyer, for appellant.

Charles G. Stevenson, for respondent.

PATTERSON, J. The plaintiff and the defendant were married at the city of New York on the 20th of November, 1899. In May, 1900, she brought, through her guardian ad litem, this action to annul the marriage, upon allegations that at the time of such marriage the defendant had a former wife, then living, to whom he had been married several years before, and that such last-mentioned marriage was in full force and effect at the time of the marriage of herself and the defendant. The defendant answered, denying the allegations of the complaint; and, the cause being at issue, it appeared upon the calendar of the special term of the court in June, 1901, when, upon the application of the plaintiff, the trial was postponed in order to enable her to take testimony, upon a commission, of witnesses to prove the alleged prior marriage of the defendant. Subsequently, and in January, 1902, when the case was about to appear again upon the calendar for trial, the plaintiff, suggesting that grave obstacles existed to her procuring proof of the alleged prior marriage of the defendant, moved to amend her complaint by setting up a second cause of action; and she obtained an order to show cause why she should not be allowed to serve an amended complaint containing such second and independent cause of action. A proposed amended complaint was served with the order to show cause, and its averments are, in substance, that, for the purpose of inducing the plaintiff to consent to marriage, the defendant falsely and fraudulently represented to her that he was a respectable and honorable unmarried man, of good social position and of good moral character; that he concealed his real position and character from plaintiff; that he was not a respectable or an honorable man, or a man of good moral character, but, on the contrary, at the time such representations were made, and at the time of his marriage to plaintiff, he either had been married to, or had unlawfully cohabited for many years with, a woman in the Island of Cuba, by whom he had at least two children, such woman and children being alive, to defendant's knowledge, at the time said representations were made, and his marriage with the plaintiff consummated, and that defendant, without the knowledge of the plaintiff, recognized and treated the woman in Cuba as his wife, and his children by her as his own, but that he now denies his marriage with that woman; that the plaintiff was induced to consent to her marriage with defendant by his said representations, which she believed at the time of her marriage to be true, and by her ignorance of the facts he concealed; and that if the said representations had not been made to her, and said concealment had not been practiced, she would never have consented to the said marriage. The court at special term denied the motion to amend the complaint by allowing a second cause of action to be set forth, and from that order the plaintiff now appeals.

The general rule is that marriage covers with oblivion antenuptial incontinence and lapses from virtue. Graves v. Graves, 3 Curt. Ecc. 238; Brooks v. Brooks, 145 Mass. 574, 14 N. E. 777, 1 Am. St. Rep. 485; Van Epps v. Van Epps, 6 Barb. 320; Weatherley v. Weatherley,

1 Spinks, Ecc. & Adm. Rep. 193. In the case last cited the learned Dr. Lushington says "the doctrine universally maintained is that marriage operates as an oblivion of all that has passed, and as oblivion of all that can possibly have occurred." Notwithstanding this general rule, the law authorizes the annulment of a marriage where one of the parties to it has been induced to consent or enter into the contract by fraud. In the state of New York that authority is contained in the fourth subdivision of section 1743 of the Code of Civil Procedure, by which it is enacted that an action may be maintained to procure a judgment declaring a marriage contract void, and annulling the marriage, where it appears "that the consent of one of the parties was obtained by force, duress or fraud." What amounts to such a fraud as would authorize a judicial decree annulling a marriage has not been and cannot be defined in general terms, but it has been regarded as a fraud relating to the essentials of a contract of marriage, namely, that the parties are competent to contract, and to fulfill the obligations of that contract. There are cases in the books in which the views of individual judges respecting the facts of particular cases as furnishing proof sufficient to annul a contract on the ground of fraud are set forth; but our attention has not been called to any adjudication in which it has been held that the mere concealment of antenuptial incontinence, and the consequences thereof, so long as they do not affect the essentials of the contract of marriage, have been sufficient to require a judicial annulment of that contract. In Fisk v. Fisk, 6 App. Div. 432, 39 N. Y. Supp. 537, this court said that the rule is well settled that no fraud will avoid a marriage which does not go to the very essence of the contract, and which is not in its nature such a thing as either would prevent the party from entering into the marriage relation, or, having entered into it, would preclude performance of the duties which the law and custom impose upon the husband or wife as a party to that contract. 1 Bish. Mar. & Div. §§ 183, 184; Schouler, Husb. & Wife, § 27; Reynolds v. Reynolds, 3 Allen, 605. And it is further said that, within that rule, no misconception of one party as to the character or fortune or temper of the other, however brought about, will support an allegation of fraud on which a dissolution of the marriage contract, when once executed, can be obtained in a court of justice. 1 Bish. Mar. & Div., supra; Wier v. Still, 31 Iowa, 107. The gist of the proposed additional cause of action in this case is the concealment of illicit relations of the defendant with a woman prior to his marriage with the plaintiff, for the alternative allegation that he was married to that other woman adds nothing to this second cause of action, as that is made the substantive ground of relief in the complaint as it now stands. It is not necessary to expand the discussion of the subject beyond what is said in Fisk v. Fisk, supra, and in the well-considered opinion of Mr. Justice Pryor in Shrady v. Logan, 17 Misc. Rep. 330, 40 N. Y. Supp. 1010, in which latter case it was held that concealment by the wife from her husband that before her marriage she had given birth to an illegitimate child did not in itself constitute such fraud as would authorize annulment of the marriage.

The order appealed from should be affirmed, with costs. All concur.