TERRITORY OF HAWAII *v.* W. CRAWFORD.

QUESTION RESERVED BY CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 1, 1907.     DECIDED FEBRUARY 8, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

INDICTMENT—*allegation and proof of time.*

Ordinarily, unless excused by statute, the time of the commission of an offense must be specifically alleged, but except in so far as it is of the essence of the offense it need not be proved as alleged; it is sufficient to prove any other time within the statute of limitations and before the indictment. The mere fact that the offense is of a continuing nature does not make the time essential. *Rep. v. Kamakauila,* 9 Haw. 607, overruled in part.

OPINION OF THE COURT BY FREAR, C. J.

The defendant was indicted on December 22, 1906, for having "unlawfully played, carried on and conducted as owner thereof certain games, to wit, Fan Tan and Pai Kow, in which said games money was lost and won." The question reserved by the circuit court for the consideration of this court is whether under an allegation that the offense was committed on the 15th day of *October,* 1906, "and for a period of thirty days next thereto preceding," there may be a conviction upon proof that it was committed on the 15th day of *November,* 1906, "and on each and every day prior thereto for a period of thirty days," as stated in the bill of particulars.

Ordinarily the time of the commission of an offense must be specifically alleged, but unless it is of the essence of the offense it need not be proved as alleged; it is sufficient to allege any time within the statute of' limitations and before the finding of the indictment and to prove any other time within that period. If, however, the time is of the essence of the offense it must be proved in so far as it is of the essence. For instance, if the offense is driving without lights during the hours of darkness it must be both alleged and proved to have been committed during such hours, although it is sufficient to prove that it was during any such hour even though different from the particular hour, if any, alleged. Similarly, if the offense is a violation of a Sunday law, its time must be alleged as on Sunday, but it is sufficient to prove that it was on some other Sunday than the one alleged. Likewise, since the offense must have been committed before the finding of the indictment and within the period of limitations an allegation showing that is necessary, in the absence of a statute to the contrary. By statute, however, here and in some other jurisdictions, following the English statute, "no indictment for any offense shall be held insufficient * * * for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, or for stating the time imperfectly, or for stating the offense to have · been committed on a day subsequent to the finding of the indictment or on an impossible day, or on a day that never happened." R. L., Sec. 2831.

If, therefore, a single offense is alleged to have been committed on a particular day it may be proved to have been committed on a different day under the general rule; so, under the statute, if no time is alleged any time may be proved provided it is within the statute of limitations and before the finding of the indictment. Does, however, the fact that, as in the present case, the offense is of a continuing nature or that the time is alleged with a continuando make any difference? According to what is called the Massachusetts doctrine, it does. In that state it is held that time is of the essence of a continuing offense and that proof is

inadmissible of the commission of such an offense at a time before or after that which has been alleged. *Com. v. Purdy,* 146 Mass. 138. This view has been followed in Maine and Texas. *State v. Small,* 80 Me. 452; *Fleming v. State,* 28 Tex. Crim. App. 234. See, however, the later Texas case of *Haynes v. State,* 56 S. W. 923. But it is said to be not only against sound principle but contrary to the common understanding of the profession. 1 Bishop, New Crim. Proc., Secs. 397, 402; and Mr. Bishop's view has been followed in some recent cases. *Howard v. People,* 27 Col. 396; *Carter v. United States,* 1 Ind. Ter. 342 (37 S. W. 204).

The latter view seems to be sound in principle and in harmony with the analogies of the law. There is no reason of practical expediency or protection to the accused which calls for a distinction between single and continuing offenses in this respect. The accused will not be prejudiced in his defense to the prosecution in question or in his right to plead former jeopardy in a subsequent prosecution any more in the case of a continuing offense than in the case of a single offense from the fact that the time proved need not be the same as that alleged, and in either case the law provides ample means of protection. To avoid surprise he may call for a bill of particulars and if necessary obtain further time for preparing his defense; and in pleading former jeopardy he is not confined to the pleadings in the first case but may resort to the evidence to show precisely of what he was convicted. In this case he has called for and obtained a bill of particulars and is as fully protected as if the time relied on had been stated in the indictment.

If there is any solid basis for a distinction between the two classes of offenses in this respect it must be found in the very nature of a continuing offense. It is difficult to find it there. If proof may be made that an offense was committed on one day when it is alleged to have been committed on another day, why should not proof be allowed that it was committed during one week or one month when it is alleged to have been committed during another week or another month? Even under the Massa-

chusetts decisions proof of a continuing offense during a portion of the time alleged is sufficient, and yet if the time is material why should not proof of the entire time alleged be required? The Massachusetts court holds also, consistently, that even if a continuing offense is alleged to have been committed on a single day only, proof of any other day is inadmissible (*Com v. Traverse,* 11 Allen 260), but that is contrary to the general rule that if an offense is alleged to have been committed on one day proof may be made of any other day within the period of limitations and before the finding of the indictment. The same view would require that proof of the commission of a continuing offense during a part of one day would be inadmissible under an allegation that it was committed during a different part of the same day. It is also a general rule that a continuing offense may be proved to have been committed during a succession of days even though it is alleged to have been committed on a particular day, which, of course, negatives the Massachusetts doctrine. Bishop, *ubi supra.* Further, that which need not be alleged may be rejected as surplusage, as generally held; it was unnecessary in the present case to state the continuando, in which case, if this be rejected as surplusage, a single day remains alleged and a different day or period may therefore be proved. Again, under the Massachusetts doctrine the offense now in question, being a continuing offense, would, even if alleged to have been committed on a single day, have to be proved as alleged, and yet under our statute it might have been alleged as having been committed on a day subsequent to the finding of the indictment or on an impossible day or on a day that never happened, which of course could not be proved, and therefore, if the Massachusetts doctrine were followed here, the statute would be nullified to this extent; in other words, the statute requires the rejection of the Massachusetts doctrine. Likewise, under that doctrine, even though a single day be relied on, it would have to be alleged, since time is of the essence under that doctrine and no other day can be proved than that alleged; therefore, to be consistent with that doctrine, we would have to hold that the time of the

offense of conducting a gambling game or any offense of a continuing nature must be alleged, although the time of an offense of a single nature, as, for instance, murder, need not be alleged under the provision of our statute which permits the statement of the time to be omitted altogether unless it is of the essence of the offense. The Massachusetts statutes did not contain the provisions above quoted from our statute. In civil cases also proof is not limited to the time alleged for a continuing trespass, as the Massachusetts court itself holds (*Kendall v. Bay State Brick Co.,* 125 Mass. 532), and yet time is no more of the essence of a continuing offense than it is of a continuing trespass. The Massachusetts doctrine appears to have originated in an early dictum in that state. It is inconsistent with the decision in *Ledbetter v. U. S.,* 170 U. S. 606, 612, which sustained a conviction on a charge of a continuing offense "on the —— day of April, 1896," on the theory that if the particular date had been inserted proof of any other date within the statute of limitations and before the charge would be admissible and that therefore it was immaterial whether a particular day was specified or not. The question in that case, it is true, arose on a motion in arrest and the court declined to say whether the charge would have been good on demurrer, but that was only with reference to the form of the indictment, which, as above stated, should, in the absence of a statute like ours, allege a particular time. On the question of proof, which is the one involved here, the court held contrary to the Massachusetts rule though without referring to it.

The case of *Republic v. Kamakauila,* 9 Haw. 607, is relied on by the defendant in support of the Massachusetts rule. In that case the charge was of adultery within one month prior to October 16, 1894. The trial court admitted proof of the commission of the offense at the time of the arrest early in the morning of October 17, and instructed the jury that it would be sufficient if they found that the act was committed *at* or previous to the time of arrest. That was held error. It was held, following *Thayer v. Thayer,* 101 Mass. 111, that evidence of

subsequent acts was admissible to show an adulterous disposition and therefore as tending to prove the act relied upon within the time charged. The same ruling was made in *Rep. v. Waipa,* 10 Haw. 442. See also *Queen. v. Leong Man,* 8 Haw. 341, and *Ter. v. Masagi,* 16 Haw. 196, 222. There can be no doubt of the correctness of that view. If the court held also that proof of a subsequent act as a substantial offense could not be made the basis of a conviction in addition to proof of an act as a substantial offense within the time alleged, that ruling also was undoubtedly correct, as held both in Massachusetts and elsewhere, for, when only one offense is charged, as in that case, only one can be relied on whether within or without the time alleged and whether the time be one day or a longer period. But the court apparently went further and meant to hold that proof of a single offense committed subsequently to the time alleged but before the charge or information could not be made the basis of a conviction, even though no offense was proved or relied on within the time alleged. That was incorrect. The offense was not a continuing offense and was not treated as such by the court. The court went apparently to the full length of holding that even in the case of a single offense the proof could not vary from the charge in the matter of time. That was contrary to the rule prevailing everywhere else, including Massachusetts. (*Com. v. Varney,* 10 Cush. 402) and to the statute as well. The case was not adequately presented to the court, as shown by the briefs on file, the statute was not called to its attention, and the *Thayer* case was understood to go further than it did. The decision must be overruled in so far as it is contrary to the conclusion now reached.

The question reserved is answered in the affirmative.

*M. F. Prosser, Deputy Attorney General,* for the prosecution.

*G. D. Gear* for the defendant.