## Lizzie Turner, Appellee, v. James G. Turner, Appellant.

1. Divorce, § 39*—*when acts of parties before marriage inadmissible.* On bill by wife for divorce, wife's testimony that the husband had sexual intercourse with her before they were married, *held* incompetent as tending to prove no issue in the case and its admission *held* prejudicial error.

2. Divorce, § 42*—*when evidence of wife's illicit relations before marriage competent.* On bill by wife for divorce, where the husband had filed a cross-bill charging the wife with adultery, and a witness on behalf of the husband testified that he had sexual intercourse with the complainant since her marriage, *held* that testimony of such witness that he had sexual intercourse with her a number of times before her marriage was competent to show a continued illicit relation between them.

3. Divorce, § 78*—*when refusal to direct a verdict harmless error.* Refusal of trial court on bill for divorce to direct a verdict for defendant on the issue of cruelty, *held* harmless where the original bill is dismissed for want of equity.

Appeal from the Circuit Court of Logan county; the Hon. Thomas M. Harris, Judge, presiding. Heard in this court at the October term, 1913. Affirmed in part, reversed in part and remanded with directions. Opinion filed December 27, 1913.

Evan Worth and Beach & Trapp, for appellant.

McCormick & Murphy, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

Appellee filed a bill for divorce from appellant, charging as grounds therefor, habitual drunkenness for two years and extreme and repeated cruelty. Appellant filed his cross-bill charging appellee with habitual drunkenness for two years, with extreme and repeated cruelty and also with adultery at certain times with certain men, and on other occasions with divers men unknown. These five issues of fact were submitted to a jury which found appellant guilty of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

extreme and repeated cruelty and not guilty of habitual drunkenness under the original bill; that appellee was guilty of habitual drunkenness and not guilty of extreme and repeated cruelty or of adultery under the cross-bill.

The trial court overruled the motion for new trial and entered a decree dismissing both the cross-bill and original bill for want of equity.

The acts of cruelty under the circumstances testified to by appellee did not warrant under the law the verdict of the jury in finding appellant guilty of that offense, and the trial court should have directed the jury to have returned a verdict for appellant as to that issue, but as the court has dismissed the original bill for want of equity, appellant is not harmed thereby and we are not inclined to disturb the decree in that regard.

The verdict of the jury finding appellee not guilty of adultery is manifestly against the weight of the evidence, but as the decree must be reversed and a new trial had as to this issue under the cross-bill, on account of other errors, we will refrain from discussing the evidence in regard thereto.

The trial court permitted appellee to testify, over objection, that appellant had had sexual intercourse with her before they were married. Such testimony was clearly incompetent, as it tended to prove no issue in the case, and its only effect could be to prejudice the jury against him. Whatever the conduct of appellant and appellee might have been in this respect with each other before they were married, it was completely obliterated and atoned for by the marriage. After appellant married appellee, the law imposed upon her the same obligations as it did upon all other married persons. The fact, if it is true, that appellant had had intercourse with her before her marriage to him gave her no license or privilege to indulge in adulterous conduct after the marriage. The policy and the law of this State fully recognize the principle that how-

ever guilty a man or woman may be of unlawful sexual intercourse with each other if they subsequently marry each other the offense is fully abated and atoned for. Thus in a prosecution for adultery under the Criminal Code, the statute provides: "That it shall be in the power of the party or parties offending, to suspend or prevent the prosecution by their intermarriage." (Hurd's R. S. 1909, ch. 38, sec. 11, J. & A. ¶ 3493.) So also in a prosecution for seduction it is provided: "That the subsequent intermarriage of the parties shall be a bar to the prosecution of said offense" (Idem. sec. 525, J. & A. ¶ 3936). It was clearly error for the court to admit this testimony.

A witness testified on behalf of appellant that he had had sexual intercourse with appellee a number of times, the last time within three or four weeks before his own marriage, which if three weeks prior thereto would make the date of his act after the marriage of appellee to appellant. He also testified that he had called on appellee a number of times at her home after her marriage when appellant was not there. Appellant offered to prove by the witness that he had had sexual intercourse with appellee a number of times before her marriage. The court sustained an objection to this offered testimony, and its action in regard thereto is also assigned as error.

In the case of *Crane v. People*, 168 Ill. 395, the plaintiff in error had been convicted of the crime of adultery. The offense of which he was found guilty was committed in Kane county, and the court permitted the People to prove the prior adulterous relations of the parties in Cook county, on the theory that it was competent to prove the existence of an adulterous disposition between them. The Supreme Court held this evidence to be proper and state the principle as follows:

"Whatever may have been said to the contrary in certain cases, it must now be regarded as settled law,

that in such cases prior acts of improper familiarity, or of adultery, between the parties, whether they occurred in the same jurisdiction or not, and even subsequent acts, which tend to show a continued illicit relation between them, may be proved in explanation of, or as characterizing, the acts and conduct of the parties complained of as constituting the particular offense charged.''

Among the authorities cited in support of this doctrine, by the Court, is the case of *Thayer v. Thayer,* 101 Mass. 111, which was a suit for divorce, and is directly in point. If such evidence is competent to prove adultery in a criminal action, it is certainly competent in a civil action.

That part of the decree dismissing the original bill for want of equity will be affirmed, but that part dismissing the cross-bill will be reversed and cause remanded with directions to set aside the verdict and grant a new trial on the issue of adultery under the cross-bill; and if the verdict on such issue shall be for appellant, to enter a decree granting him a divorce upon his cross-bill, on that ground.

*Affirmed in part, reversed in part and remanded with directions.*