LEODORE G. JEANSON v. ALPHONSINE JEANSON.

*James W. Doherty* (by brief and orally), for the libelant.

*Normandin & Normandin* (*Mr. Fortunat A. Normandin* orally), for the libelee.

KENISON, J. The parties lived in reasonable harmony from the time of their marriage in 1923 until 1942. At that time they had obtained a bank loan to purchase a farm which was being converted into a four room farmhouse. The husband moved there but the wife refused unless he "would stop going with that girl." The husband denied any misconduct with this girl, who had formerly worked for them as a nursemaid, but said he would "make no promise." The husband continued to live alone in the farmhouse and the wife and two children remained in their original home.

A year later the husband hired the girl to clean the farmhouse once a week until 1945 when she moved there to live. She acted as housekeeper and prepared the meals in return for board and room, transportation to her place of employment and a small weekly payment. This "arrangement" continued until the divorce hearing in 1949. The girl positively denied any act of misconduct with the husband at any time.

It is a matter of common knowledge, at least in non-collusive divorce proceedings, that eye witnesses are not usually available in adultery cases so that circumstantial evidence of both opportunity and inclination is considered competent evidence on the issue of adultery. *Burns* v. *Burns*, 68 N. H. 33; *Thayer* v. *Thayer*, 101 Mass. 111. A married daughter testified that in returning from a dance one night she saw her father and the girl parked in his car on the road. She also said that her father acted differently after the girl left the home as a nursemaid. "He used to go off on Friday night and come back on Sunday and tell us he was working on the farm, and he was all dressed up." The wife related one instance of a slight familiarity between her husband and the girl but this was not elaborated in either direct or cross-examination. Some beads found in her husband's car were identified as belonging to the girl. This was denied by her but the Presiding Justice was not obliged to accept that statement. *Webster* v. *Webster*, 95 N. H. 416. While each of these instances by itself was of slight evidential value (*State* v. *Marvin*, 35 N. H. 22) and subject to innocent explanation (*Adams* v. *Adams*, 20 N. H. 299), taken together their cumulative effect with the other evidence was a sufficient basis upon which the Presiding Justice could make the decree that he did. *Franklyn* v. *Franklyn*, 93 N. H. 90; *Szulc* v. *Szulc*, *ante*, 190.

The Trial Court was free to reject the husband's testimony that his wife abandoned him "without sufficient cause." R. L., *c.* 339, *s.* 6, *par.* IX; *Merritt* v. *Merritt*, 85 N. H. 210. Therefore, there was no error in dismissing his libel for divorce. *Trow* v. *Trow*, 95 N. H. 529, 530.

There was no compliance by the libelee with R. L., *c.* 339, *s.* 34, as inserted by Laws 1949, *c.* 145, but this did not constitute error since this statute does "not apply to actions pending on the date of its passage."

*Exceptions overruled.*

LAMPRON, J. did not sit: the others concurred.