## Travis, Appellant, *v.* Travis.

274

*D. H. Jenkins*, with him *Jenkins & Ligi*, for appellant.

*Sidney Z. Levy*, for appellee.

OPINION BY HIRT, J., April 9, 1957:

In this action in divorce the plaintiff-husband sought to terminate his marriage with the defendant on a charge, among others, of fraud at its inception. We are not here concerned with plaintiff's charges of cruelty and indignities to the person. As to them there was ample evidence to support the lower court's finding that plaintiff had failed to meet his burden of proof and that he was not an injured and innocent spouse. Plaintiff's allegation of fraud is that she had given birth to an illegitimate child in 1934 and did not apprise plaintiff of that fact prior to her marriage with him, some two years later. A divorce was likewise refused by the lower court on that charge.

These facts are admitted: When the child was born in June 1934 the defendant was but 18 years of age. She and the plaintiff were married on September 30, 1936. Shortly thereafter the boy was legally adopted by defendant's parents, as their son. He lived with them for eleven years but in 1945 he was taken into

the house of the parties to this action. When plaintiff consented to the arrangement he believed that the boy was his wife's brother. In the present action, brought in 1955 the plaintiff for the first time asserted fraud at the inception of the marriage by reason of the failure of defendant to divulge to him before he married her that she had given birth to the child.

There is a sharp conflict in the evidence as to whether plaintiff knew that defendant had an illegitimate child when he asked her to marry him. She testified that she had made a full disclosure of that fact to the plaintiff and that he said: ". . . it didn't make any difference to him. He loved me and that is all that mattered to him, that I would marry him." To this effect defendant was corroborated by her mother. On the plaintiff's denial that defendant had disclosed her prior lapse from virtue the lower court resolved the issue of credibility in her favor. We too find her testimony credible, but we are not deciding this appeal on a finding of a full disclosure by the defendant in that respect.

In a marriage contract there is no implied warranty by either party of premarital chastity. A man may make a woman's previous continence a condition of his promise to marry her; but if her virginity is a controlling consideration as to him it is incumbent on him to make due inquiry in an effort to ascertain the fact and not ask the law, later, to relieve him from his marriage contract because of his wife's premarital lapse from virtue. Accordingly the general rule is that failure to divulge an antenuptial incontinence by a woman does not in itself constitute fraud, upon which an annulment of the marriage by judicial decree can be predicated. *Glean v. Glean*, 75 N.Y.S. 622; *Reynolds v. Reynolds*, 3 Allen (Mass.) 605. In *Allen's Appeal*, 99 Pa. 196, Chief Justice SHARSWOOD in referring

to the principle (which however was not the controlling issue in that case), said: "In this country—certainly in this state—adultery is a ground for divorce a vinculo matrimonnii; so that if there should be a relapse after marriage, the marriage can be annulled"; and further, after referring to the rule that prior unchastity supplies no ground for avoiding the contract, ". . . if ante-nuptial incontinence be a sufficient ground of nullity as against the woman, it is not easy to see why it should not be so likewise against the man, and the consequences of such a doctrine it is not difficult to predict."

The precise variation of the principle, in the question here involved where there was birth of an illegitimate child has not been before our appellate courts.[1] In Wesley v. Wesley, in the Court of Appeals of Kentucky, 204 S.W. 165, however, in an opinion by HURT, J., it was said: "There is no pretense that the wife made any representations as to her chastity to the appellee to induce the marriage. The only charge is that she concealed her previous want of chastity from the appellee . . . A fraud which will vitiate and constitute a ground for divorce must be a matter essential to the validity of the marriage itself, and the concealment by the wife from the prospective husband that she had previously been guilty of fornication or adultery or had given birth to an illegitimate child is not a fraud that will constitute a ground for divorce, or vitiate the marriage. The maxim that the husband and wife take each other 'for better, for worse,' applies as to such matters, as it does to so many other things connected with a husband and wife."

We are in agreement with the logic of that case. Here also, there is no contention that the defendant,

---

[1] But cf. Rothman v. Rothman, 21 Dist. 245 and Bonsavage v. Bonsavage, 10 D. & C. 462.

in accepting the plaintiff's offer of marriage, made any representation of prior chastity. No scandal had sullied the defendant's reputation and plaintiff says he did not know of her prior lapse from virtue when he married her. The present action was not brought until 19 years after the marriage, which plaintiff would annul, when (and again if his testimony be accepted) he first learned the facts. At that time defendant's son was a grown man, 22 years old. The son never knew of the adoption proceedings; and he still believed he was defendant's brother and not her son. Clearly, the accident of conception, and the birth of an illegitimate child to the defendant, undivulged to the plaintiff prior to the nuptial contract, cannot furnish ground for annulment of the marriage in the present case. Plaintiff did not make any effort prior to the marriage to ascertain whether the defendant had been incontinent and he cannot raise the question now, when for the first time the question becomes important to him.

Decree affirmed.

WRIGHT, J., concurs in the result.