Rescripts.

FLORENCE ATCHUE & another *vs.* CHAPIN W. ILLINGWORTH. April 2, 1964. Exceptions overruled. During their deliberations in the retrial under G. L. c. 231, § 102C, of this action, and a companion case which is not before us, arising from the collision of two motor vehicles, the jury asked the judge, "If negligence is found on both parties, how do we sign the Counts?" The judge, in the absence of counsel, alluded to his original instructions, to which no exception had been taken, and concluded, "[I]f all parties are found to be negligent, then you must find for the defendant in all cases." Exceptions to the supplementary instructions were taken by the nonoccupant owner of one of the vehicles who sought property damage and consequential damages, and by his wife, a passenger, who claimed personal injuries. The bill of exceptions does not show reversible error. The jury were not required to find that the owner was the bailor of the vehicle, or that his wife was in the exercise of due care, or to believe that she had sustained personal injuries or had received medical treatment.

*Charles J. O'Connor, Jr.,* for the plaintiffs.

*James F. Lawton & James F. Lawton, Jr.,* for the defendant, submitted a brief.

JOHN ALBERT PADYKULA *vs.* ZELIA KATHERINE MARCHEWSKA PADYKULA (and a companion case[1]). April 2, 1964. At the close of the libellant's evidence on John Padykula's libel for adultery, the libellee moved to dismiss. The judge granted the motion saying "Based on all the evidence . . . [for] the libellant, even if I believed it, I see no situation of adultery. Your own investigator saw nothing but kissing and hugging in a public place." John relies particularly on the testimony of the investigator that he had observed the libellee and the corespondent in a compromising position in an automobile late in the evening parked in a dark area of a parking lot of a roadside restaurant. We assume that this testimony justified an inference which, with other testimony, would have supported a finding of adultery. *Thayer* v. *Thayer,* 101 Mass. 111, 113. *Mountford* v. *Mountford,* 179 Md. 697 (no opinion printed; for opinion see 19 Atl. 2d 178). The judge's statement, however, shows that he did not draw the inference. We cannot hold that his failure to do so was plainly wrong. In the absence of the inference it was not error to rule that John had not sustained the burden of proof. See *Thayer* v. *Thayer,* 101 Mass. 111, 113; *Colby* v. *Colby,* 337 Mass. 774. There was evidence of John's cruel and abusive treatment. The decree of divorce on Zelia's cross libel for cruel and abusive treatment and the decree dismissing John's libel for adultery are affirmed.

*John T. Quirk, Jr.,* for John Albert Padykula.

*Philip J. Tarpey, Jr.,* for Zelia Katherine Marchewska Padykula.