## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* EMIL WERY.

APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, SEPTEMBER 18, 1893.     DECISION, OCTOBER 14, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Upon a charge of "keeping a disorderly house, to wit, a house kept for the sale of intoxicating drink without license," a conviction cannot be sustained upon proof of a single act of sale, without proof of other facts or circumstances tending to show that the house was kept for that purpose.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was charged on the 9th of last June in the District Court of Honolulu with the offense of "keeping a disorderly house in Honolulu within three months last past, to wit, a house kept for the sale of intoxicating drink without license." It was agreed between the prosecution and defense that the case should be submitted on the evidence taken in the case of the *Provisional Government of the Hawaiian Islands vs. John Richards,* heard by the District Court two days previous.

The evidence is substantially this: On the 31st of May last three persons, two of them detective officers, went into defendant's house in Nuuanu Valley called the "Half Way House," and each obtained a drink of whisky from a demijohn containing this liquor, delivered to them by the hands of one John Richards (who was a boarder at the house) and these persons paid for the same. The defendant Wery was at the time asleep in another room of the house. Richards was convicted in the District Court of the offense of selling spirituous liquor without a license, but was acquitted by the

Hawaiian jury at the last August Term of the Circuit Court, First Circuit. The District Magistrate found the defendant Wery guilty and sentenced him to pay a fine of $10 and costs, whereupon he appealed to the Supreme Court on the point of law that the evidence was not sufficient to convict him of keeping a house for the sale of intoxicating drink without license.

The statute is Chap. XLII. of the Penal Code. It reads, Sec. 1: "Whoever shall keep a disorderly house shall be punished where no other punishment is expressly provided by statute, by fine," etc.

Sec. 2. The following houses are disorderly within the meaning of the provisions of this chapter, viz.:

1. Houses kept for the purpose of public prostitution.

2. Houses in which any indecent postures, or indecent, immoral or disorderly shows or sights are exhibited; .

3. Houses kept for the sale of any intoxicating drink without license;

4. Houses in which gambling is permitted.

The charge specified the class of disorderly house in question as being one kept for the sale of intoxicating drink without license.

Upon the evidence sent up we are of opinion that the conviction cannot be sustained.

The only evidence is that of the sale of intoxicating drink on one occasion. A single sale is not sufficient to prove that the house was kept for that purpose.

In *People vs. Gastro*, 75 Mich., 128, the defendant was charged with "unlawfully keeping and maintaining a house of ill-fame, resorted to for the purpose of prostitution and lewdness." A single act of prostitution was proven. The court said: "The statute is designed to prohibit the keeping and maintaining of a house which persons are permitted to frequent for the purpose of unlawful sexual intercourse, and to prevent the existence of such places of resort. A single act of lewdness would not constitute the offense which the statute prohibited and punishes; but, if

the house is shown to be a house of ill-fame, and it is shown that persons resort there for the purpose of prostitution or lewdness, proof of a single act of prostitution would be sufficient upon this branch of the case."

In *State vs. Lees* (Iowa), 45 N. W. Rep., 545, it was held that a single act of illicit intercourse in the house would be insufficient without other evidence to make the place a house of ill-fame.

See *Commonwealth vs. Stahl*, 7 Allen, 304, and *Commonwealth vs. Lambert*, 12 Allen, 177.

In this last case the defendant was indicted for keeping a common nuisance, to wit, a tenement used by her as a house of ill-fame, resorted to for prostitution and lewdness. The instructions to the jury that a single act of illicit intercourse within the house by permission of its keeper was sufficient to convict, was held erroneous by the Supreme Court, and the Court say: " We do not mean to be understood as holding that, to prove the offense charged, there must necessarily be direct evidence of numerous acts of prostitution or lewdness permitted by the keeper of the house. But the evidence, whether direct or circumstantial, must be sufficient to satisfy the jury, that it was kept as a place of resort for such purpose."

In the case before us there was no evidence either of the reputation of defendant's house as one kept for the sale of intoxicating liquor without license, or of any facts or circumstances tending to show that it was a house of that character, except the single instance of sale referred to. This might be an exceptional, isolated instance, and would not show that the house was "kept" for that purpose. It would require more than one act of sale or other facts or circumstances to prove that it was a house of that character.

We therefore sustain the appeal. Defendant discharged.

*Attorney-General W. O. Smith*, for prosecution.

*C. W. Ashford*, for defendant.