# IGNACIO DE FRAGA v. THE PORTUGUESE MUTUAL BENEFIT SOCIETY OF HAWAII.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 8, 1895.          DECIDED OCTOBER 18, 1895..

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE COOPER, IN PLACE OF BICKERTON, J., ABSENT FROM ILLNESS.

The mere statement in a bill of exceptions that "the learned Judge improperly admitted the records in a former case" is not sufficient to bring to this Court the question of the admissibility of the records as evidence.

In an action against a beneficial association for sick benefits, the records of a similar former action are admissible to show the status of the plaintiff as a member of the society and entitled to sick benefits at the date from which such benefits are claimed.

An exception to a "decision and the findings of law and of fact therein" is too general to be considered.

A finding of fact by the Court in a jury waived case, like the verdict of a jury, cannot be set aside if there is sufficient evidence to support it.

A beneficial association cannot at will terminate its liability to pay sick benefits to a member entitled thereto.

A point not raised in the trial court cannot as a rule be considered in this Court.

A member of a beneficial association may sue for sick benefits in a court of law, if he has not been allowed a fair hearing in the tribunals provided by the by-laws of the society.

### OPINION OF THE COURT BY FREAR, J.

This is an action for sick benefits from November 9, 1893, to September 19, 1894, at the rate of $1.25 per day, amounting·

to $3,14 and interest thereon, which the plaintiff claims to be payable to him under the by-laws of the defendant corporation, of which he is a member.

The action was tried by the Circuit Court, jury waived, and judgment rendered for the plaintiff.   The defendant brings the case here on two alleged exceptions.

One relates to the admissibility of the records of a former case as evidence to show the status of the plaintiff as a member of the defendants society in good standing and entitled to sick benefits on November 8, 1893, the date to which he recovered sick benefits in the former action and from which he claims the same in this action.   The statement in the bill of exceptions that "the learned Judge improperly admitted the records in a former case," is insufficient.   Not only is it too vague but it does not show that any objection was made at the trial to the admission of the evidence or that any exception was taken thereto or, if taken, allowed.   We may, however, add that we see no reason why the evidence was not admissible.

The other exception was taken to the "decision and the findings of law and of fact therein."   Such an exception is too general and indefinite to be considered.   The object of an exception as contemplated by the statute is to bring to this Court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review.   Such a loose method of practice is unfair to both the opposite party and the court.   See *Spencer v. Dodd,* 7 Haw. 200; *Ahlo v. Aiau,* 8 Haw. 70; *Curry v. Porter,* 125 Mass. 94; *Harriman v. Sanger,* 67 Me. 442.

But while holding that this exception should be dismissed on the ground that it is too general, yet as there has been some laxity in this respect in the past, we shall in this case consider briefly the points raised by counsel in their brief, especially as the result will be the same.

First, that the granting of sick benefits in the first instance was irregular for the alleged reason that the plaintiff had not

furnished the required physician's certificate. The finding of the trial court was one of fact, and, like the verdict of a jury, cannot be set aside, there being sufficient evidence to support it. Without saying whether the by-laws made such a certificate a prerequisite in a case of this kind, it is sufficient to say that the record in the former case was strong, if not conclusive evidence, that the grant of sick benefits was in fact regular in the first instance.

Secondly, that if the society waived the requirement of the certificate in the first instance, it afterward terminated the waiver by its refusal to continue the benefits and by its answer and defense in the first case. If, as found to be a fact by the trial court, the grant was regular in the first instance, a mere refusal to pay could not terminate the liability.

Thirdly, that, if the plaintiff is only temporarily sick, he belongs to the class entitled to "simply medical attendance and medicines," and not to the class entitled to $1.25 per day, since his illness does not wholly prevent him from working. This point is based on an erroneous English translation of the by-laws, the original of which in the Portuguese language is an exhibit in the case.

Fourthly, that the plaintiff, if entitled to any benefits at all belongs to the class of incurables, and since he has been a member of the society less than eight years, is entitled to not more than $1 per day under the by-laws. The trial court found as a fact that the proper steps had not been taken by the society to remove the plaintiff from the sick-list and place him on the incurable list, and this finding cannot be set aside as unsupported by the evidence.

Fifthly, that the trial court had no jurisdiction, for the reason that the by-laws of the society provide for the adjudication of claims by its own tribunals, and that the plaintiff is bound by the by-laws. This point was not raised in the trial court, and therefore cannot be considered here. But it is argued that a question of jurisdiction may be raised at any stage of the proceedings. Granting, for the purpose of argu-

ment, that this is so where the court is entirely without juris-diction of the subject matter, it does not appear that the court was without jurisdiction in this case.    For, supposing the by-laws do provide for the adjudication of claims of this nature in such a way as to ordinarily preclude a member from having recourse to the courts whether he has first exhausted his reme-dies in the society or not, yet if the action of the society has been such as to prevent him from pursuing the course pre-scribed by the by-laws, or if he has not been given a fair hearing, it is well settled that he may have recourse to the courts of law.    In other words, the trial court was not neces-sarily without jurisdiction, and it is not for this court to review the evidence as to the proceedings taken by the plaintiff in the tribunals of the society  in order to pass as a trial court upon their regularity.

The exceptions are dismissed.

*A. S. Hartwell* and *W. L. Stanley,* for plaintiff.

*J. A. Magoon* and *W. S. Edings,* for defendant.