A. G. SERRAO *v.* VIRGINIA SOARES and MANOEL
   SOARES, her husband, and HILO SUGAR COMPANY,
   Garnishee.

APPEAL FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED DECEMBER 22, 1897.    DECIDED JANUARY 19, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A general appeal does not lie in an action at law from a decision of
   a Circuit Court, jury waived.

OPINION OF THE COURT BY WHITING, J.

This was an action of assumpsit and was a term case in the
Fourth Circuit Court and was heard and determined by the
Circuit Judge, jury waived, and judgment was given for the
plaintiff against the principal defendant and also against the
defendant garnishee. The defendants excepted.

The defendants filed the following notice of appeal: "The
defendants in the above entitled cause hereby give notice that
they will appeal to the Supreme Court   *   *   from the decision
rendered herein   *   *   *   *   and from all and every
part of the said decision."

There are no exceptions or bill of exceptions certified to this
Court, but there is a certificate of appeal signed by the presiding
Judge as follows:

"Certificate of appeal.   I hereby certify that on the 30th
day of September, A. D. 1897, a decision was rendered by me
in the above entitled cause in which I found that the defendants

herein were indebted to the above plaintiff in the sum of $338.74, debt, interest, attorney's fees and costs of court and I further found that a sum of $221.43 in the hands of the above named Hilo Sugar Company belonged to the said plaintiff from which judgment the defendants herein appealed to the Supreme Court. I further certify that the said appeal was allowed and approved."

This alleged appeal is improper and presents no questions to be considered by this Court. The trial of this case, the parties having waived jury, is a trial by the Court, and the decision is a decision of the Court and not the decision of the Judge. *Ahin v. Widemann*, 7 Haw. 334. In such cases, all alleged errors must be taken advantage of by exceptions and those exceptions be embodied in a bill of exceptions, whether they be on objections to evidence, rulings of law, or errors of law or facts in the decision. Each exception must appear clearly in a bill of exceptions that this Court may be properly advised of the point before it. A general appeal does not lie in such cases. *In re Estate of Akahi*, 9 Haw. 610.

All assignments of error must appear on the face of the bill of exceptions, and none other can be heard. *Kapuakela v. Iaea*, 10 Haw. 103.

Further, a general exception to the decision is not sufficient, but the party excepting must in his exception specify the error claimed. In *Fraga v. Portuguese Benevolent Society*, 10 Haw. 128, the Court say: "An exception was taken to the decision and the findings of law and of fact therein. Such an exception is too general and indefinite to be considered. The object of an exception as contemplated by the statute is to bring to this Court a specific question of law upon which the trial Court has erroneously ruled to the prejudice of the party excepting, and not to enable the party to cast the entire case upon the Court for review."

Section 1252, Civil Laws, provides for the waiver of jury and trial by the Court.

Section 1253. In such cases the Court shall hear and decide

the cause, both as to the facts and the law, and its decision shall be rendered in writing.

Section 1254. Any party deeming himself aggrieved by the decision of a Circuit Court, on a question of law, in any such case, may appeal therefrom to the Supreme Court, upon filing written notice of such appeal with the Clerk of the Circuit Court, within five days after the rendition of its decision.

We do not construe these sections as allowing a general appeal; even if an appeal on questions of law under Section 1254 will lie in jury waived cases, yet those questions of law must be specified and put in such form that the Supreme Court may be made aware of the errors in law relied upon in the appeal. In the present case, the appellant has not set forth any questions of law.

Whether or not Section 1254 is repealed by Section 1438 of Civil Laws, we do not now decide. In the latter section, it is provided that a party may allege exceptions to any opinion, direction, instruction, ruling or order of a judge (arising during trial), and the same being reduced to writing in a summary mode, and presented to the judge during the term or within ten days thereafter; *or in case of proceedings in vacation as of the term, within* ten days after such opinion, ruling, etc., such exceptions to be allowed and signed by the Judge.

However no general appeal which would involve a retrial of the case on the facts is allowable under any of the above sections of the law.

Decisions in cases triable by the Circuit Court, which are heard and tried by the Judge of such Court, without a jury even in vacation at his chambers, do not lose their character as decisions of the Circuit Court and do not become decisions of the Circuit Judge in chambers. Alleged errors occuring at the trial or in the decision may be taken advantage of by objection and exception, and may be brought to the Supreme Court by bill of exceptions, but not by a general appeal.

The appeal is dismissed.

*G. F. Little* for plaintiff.

*F. M. Wakefield* for defendants.