## TERRITORY OF HAWAII *v.* LAU CHONG.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 21, 1910.     DECIDED SEPTEMBER 28, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

PRACTICE—*exceptions—instructions.*

A general exception to a series of instructions is insufficient. Instructions are properly refused if substantially given in the court's own language.

OPINION OF THE COURT BY HARTWELL, C.J.

The defendant, who was convicted of an assault with a weapon obviously and imminently dangerous to life, brings exceptions to rulings upon instructions, and upon the same grounds to the verdict and refusal of a new trial.

Before considering the exceptions, separately taken, to the refusal to give certain instructions asked by the defendant we will pass upon the objection which the prosecution raises to the sufficiency of the defendant's general exception to nineteen instructions given by the court of its own motion. The statutory right (Sec. 1863 R. L.) to except to "any" instruction of a judge "in any matter of law" (Sec. 1863 R. L.) does not contemplate a general exception to an entire charge or to a series of instructions or propositions of law, unless it is bad throughout. *Fraga* v. *Portuguese Mut. Ben. Soc.,* 10 Haw. 128, 129; *Mist* v. *Kapiolani Est., Ltd.,* 13 Haw. 523, 526; *Territory* v. *Johnson,* 16 Haw. 743, 757; *Territory* v. *Hale,* 18 Haw. 665. The law is correctly stated in *Shelp* v. *U. S.* 81 Fed. 694, 700: "An exception to an entire charge of a court or to a series of propositions contained therein cannot be sustained if any portion thus excepted to is sound." And see *Holder* v. *U. S.* 150 U. S. 91, 92. Logically, also, an exception to several instructions in gross is not an exception to each of them taken by itself.

The intention of a general exception may be the same as if specific exceptions were taken to each instruction singly but the practice is open to such grave objections that it cannot be sanctioned.

The defendant abandons exceptions 4, 5, 6, 7, 9, 16, 18 and 19, and relies solely upon his exceptions to the refusal to give instructions 1, 2, 3, 7, 9, 10, 11 12, 13, 15 and 20, as well as his exceptions to the verdict and the denial of his motions to vacate it and order a new trial. The reason given by the court, says the defendant, for refusing to give the instructions he asked, was that "they were covered substantially by the court's charge," which the defendant seeks to show was not done and for this purpose presents in parallel columns certain instructions asked for and given upon certain ingredients of the offense.

The prosecution says that all of the instructions refused by the court and now relied upon by the defendant were "fully covered by the court in its charge," and that "the parallel columns on those pages of counsel's brief in which certain portions of the court's charge are set out, show that counsel for defendant instead of selecting those portions of the court's charge which substantially covered his request, picked out portions relating to other subjects which were, of course, valueless for the purposes of comparison."

The record appears to sustain this contention. For instance, the requested instructions upon intent, although not met by the portion of the charge placed opposite to it, giving the rule that one is presumed to intend the probable and natural results of his acts, is fully covered by other instructions given by the court—one of them at the plaintiff's request—which are cited in the brief for the prosecution. The same is true of the instructions upon the meaning of "malice," "the presumption of innocence," "self-defense" and "burden of proof." It would serve no useful purpose to cite all these instructions which were re-

fused but were given in the court's own language, as no exception was taken which can be considered, to any which were given. The defendant's contention that "the entire charge is erroneous" and "proceeds upon an apparent incorrect theory" can certainly not apply to those instructions which were given at his request. Confining the defendant's criticism to that portion of the charge which the judge gave of his own motion, the usual instructions upon the presumption of innocence, etc., were given.

Exceptions overruled.

*J. W. Cathcart, City and County Attorney,* and *F. W. Milverton, Deputy City and County Attorney,* for the Territory.

*E. C. Peters* for defendant.