TERRITORY OF HAWAII *v.* MARY ANN PETER.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED APRIL 24, 1914.      DECIDED MAY 18, 1914.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF QUARLES, J.

TRIAL—*improper remarks of judge.*

In a criminal prosecution, where there is no lack of evidence to support a conviction, impatient and improper remarks of the court to defendant's counsel will not warrant a reversal. The evidence must be looked to to ascertain whether the verdict is responsive to it or to extraneous matter. In this case held, that while the remarks of the judge were improper and apparently uncalled for they do not warrant a reversal of the case.

EXCEPTIONS, BILL OF—*exception to instruction—too general.*

A general exception to the oral charge given by the court, when such charge consists of a series of propositions, cannot be sustained if any portion thus excepted to is sound.

CRIMINAL LAW—*keeping house of ill fame.*

Under section 3162, Revised Laws, the term "house of ill fame" is no doubt a synonym for "bawdy house," having no reference to the fame of a place but denoting a fact. The gist of the offense is the keeping and use of the house for purposes of prostitution and lewdness and not its reputation. The statute does not re-

quire that the place be used habitually or for any considerable length of time for the prohibited purposes in order to constitute the offense in question.

### OPINION OF THE COURT BY WATSON, J.

The defendant having been tried, convicted and sentenced on a charge of keeping a house of ill fame under section 3162 of the Revised Laws, brings the case here on exceptions. The bill of exceptions as transmitted to this court is hardly intelligible by reason of the many interlineations, substitutions and amendments endorsed thereon in ink by the trial judge in settling and allowing the same.

Exception 1 relates to certain remarks of the trial judge in the presence of the jury and directed to the attorney for defendant and one H. C. Mossman, a district court practitioner, who was then sitting by the side of said attorney. From the transcript the following colloquy appears to have taken place: The court: "In what capacity are you acting in this case, Mr. Mossman?" Mr. Mossman: "I am helping Judge Quarles as Hawaiian interpreter. I am assisting him as interpreter." The court: "I have good hopes for Mr. Mossman. I have no hopes for a young man who works himself into a hard case. He can act as interpreter." The court: "I advise you, as soon as you can, Mr. Quarles, to get an interpreter. It is disgusting for a young lawyer to work himself into such a case." Mr. Quarles: "I have to take an exception to the remarks of the court, said in the presence of the jury." The court: "You can have an exception. I say that to you and I now ask you to get an interpreter as soon as you can to serve your purposes." We are not called upon to pass upon the propriety or impropriety of these remarks of the judge, the only question we can properly consider being whether the same constituted reversible error. "The probable effect of any such comments must be measured largely by the facts of the case presented." *Pinkerton* v. *Sydnor,* 87 Ill. App. 76, 82. "In a criminal prosecution,

where there is no lack of evidence to support a conviction, impatient and improper remarks of the court to defendant's counsel will not warrant a reversal. The evidence must be looked to to ascertain whether the verdict is responsive to it or to extraneous matters." *Tuttle* v. *State,* (Ark.) 104 S. W. 135, 137. In our opinion, the evidence as presented was sufficient to sustain the verdict. The remarks of the judge complained of, while improper and apparently uncalled for, do not warrant a reversal of the case.

Exception 2 is to the oral charge given by the court to the jury of its own motion. The exception noted by counsel to the giving of such oral charge was a general one as follows: "Mr. Quarles: The defendant excepts to the oral charge given by the court." The charge is a somewhat lengthy one, consisting of a series of propositions but containing, as this court believes, considerable irrelevant and objectionable comment and some erroneous propositions of law. Portions of the charge, however, may, in our opinion, be sustained as correct expositions of the law. The general exception noted is insufficient and must be overruled. In the case of *Territory* v. *Lau Chong,* 20 Haw. 235, Chief Justice Hartwell, speaking for the court, said: "The statutory right (Sec. 1863 R. L.) to except to any instruction of a judge in any matter of law (Sec. 1863 R. L.) does not contemplate a general exception to an entire charge or to a series of instructions or propositions of law, unless it is bad throughout. * * * The law is correctly stated in *Shelp* v. *U. S.,* 81 Fed. 694, 700: 'An exception to an entire charge of a court or to a series of propositions contained therein cannot be sustained if any portion thus excepted to is sound.' " See also *Territory* v. *Johnson,* 16 Haw. 743, 757; *Territory* v. *Hale,* 18 Haw. 665.

Exception 3 is to the verdict as contrary to the law and the evidence. We have carefully examined the transcript of evidence and are of the opinion that the same amply supports the verdict of the jury. Each of four witnesses called for the prosecution, Christina Peter, Louisa Kapule, Mary Kamee and

Mary Ann Kahaookamoku, all girls under the age of sixteen years, and one of them the daughter of the defendant, testified that she had on one or more occasions, at the house of the defendant and with her knowledge, had unlawful sexual intercourse with men. The evidence of two of these witnesses was to the effect that the money received by them from their male companions for this illicit intercourse was given by them to the defendant, and one of the witnesses, Louisà Kapule, testified that the defendant had told her to ask her male companions "to give money for the house." We believe that the evidence was amply sufficient to sustain the verdict. Counsel for defendant cite the case of *Provisional Government* v. *Wery,* 9 Haw. 228, wherein it is held by this court that a person could not be convicted upon a charge of keeping a disorderly house, to wit, a house kept for the sale of intoxicating drink without a license, by proof of a single act of sale without proof of other facts or circumstances tending to show that the house was occupied for that purpose, and counsel argue that there was no evidence whatever in this case showing the reputation of the house kept by defendant and that it was a house of ill fame. The *Wery* case does not seem to be in point, as in this case there is evidence that the house of the defendant was resorted to on many occasions by young girls for the purposes of prostitution and lewdness. Evidence of the reputation of the house was not essential under the statute. "The object of the statute is not to protect the reputation of the house but to cherish and promote good morals. 1 Bishop, Crim. Law, Secs. 665, 947, 1038; *Commonwealth* v. *Lambert,* 12 Allen 179. * * * The term 'house of ill fame' is no doubt a synonym for 'bawdy house,' having no reference to the fame of a place but denoting a fact. The gist of the offense is the keeping and use of the house for purposes of prostitution and lewdness, and not its reputation. * * * A single act of illicit intercourse in the house or any number of acts with the proprietor alone would not make the

place a house of ill fame, but it must have been used for that purpose more than once by others than the proprietor. The statute does not require that the place be used habitually or for any considerable length of time for the prohibited purposes in order to constitute the offense in question." *The State* v. *Lee,* 80 Ia. 75, 80, 81, 83.

The only remaining exception which was taken to the overruling of defendant's motion for a new trial raises only questions that have already been disposed of under other exceptions.

Exceptions overruled.

*D. H. Case, County Attorney of Maui,* and *E. Vincent, Deputy County Attorney of Maui,* for the prosecution.

*L. Andrews* for defendant.