C. H. HOU *v.* F. HOHLWEG, DEFENDANT-PLAIN-
TIFF IN ERROR; BANK OF MAUI, LIMITED,
AT WAILUKU, MAUI, AND THE BALDWIN
BANK, LIMITED, AT WAILUKU, MAUI, GAR-
NISHEES.

## No. 1519.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED MARCH 31, 1924.            DECIDED APRIL 21, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*preservation in lower court of grounds of review—
exceptions—necessity of.*

Under the provisions of section 2522, R. L. 1915, as amended by
Act 44, S. L. 1919, no error going to the admission or rejection of
evidence or to the giving or refusing to give an instruction to the
jury shall be considered by the supreme court unless the same is
made the subject of an exception noted at the time the alleged
error was committed.

SAME—*same—objections——necessity of.*

Objections not raised in the court below cannot be raised for
the first time on appeal.

OPINION OF THE COURT BY PETERS, C. J.

Plaintiff in error (defendant below) assigns nine
errors—four to the exclusion of evidence to which no
exception was taken at the times the alleged errors were
committed; one to the giving of an instruction to the jury
to which no exception was alleged at the time the same
was given; one to the admission of evidence to which no
objection was made, and the remainder to the verdict,
judgment and denial of defendant's motion for a new
trial.

Section 2522, R. L. 1915, as amended by Act 44, S. L. 1919, prohibits this court from considering any error going to the admission or rejection of evidence or to the giving of or refusing to give an instruction to the jury unless the same was made the subject of an exception at the time the alleged error was committed. Nor is it permitted to the plaintiff in error to urge for the first time in this court objections not raised in the court below.

The following proceedings took place during the direct examination of plaintiff while testifying as a witness on his own behalf: *"Mr. Cristy:* I will show you a paper here, you remember when that was made out? A Yes, March 6th. * * * Q Mr. Hohlweg's signature there? A Yes. * * * *Mr. Cristy:* We will offer in evidence a receipt dated March 6th, 1923. *Mr. Lymer:* No objection. Received and marked Plaintiff's Exhibit 'A'. *Mr. Cristy:* Now at the time that paper was signed Mr. Hou what arrangements if any were made about your inventorying the stock of Mr. Hohlweg's at Wailuku? *Mr. Lymer:* We interpose the technical objection, and I submit the so-called receipt is in terms a contract and speaks for itself, and excludes any oral testimony. *Mr. Cristy:* We will call your honor's attention to the fact that the document speaks for itself, is a receipt and doesn't describe what is to be sold. We are trying to find out what was sold. *The Court:* I will let you ask the question. Exception. *Mr. Cristy:* Did you have any talk at the time this receipt was made out about what you were to do? A Yes. Q What was that talk? A That I would go up there and check over his stock. Q What did Mr. Hohlweg say about that? A Oh he says I can come at any time, he says he is sure he has more than that, more than three thousand dollars worth of stock. Q Did you go up to Wailuku? A Yes. Q What time did you go up about? A April 16th or 17th, I have forgotten. Q What did you do when you got

up to Wailuku? A Then I took an inventory. Q When you went there did Mr. Hohlweg say anything to you about the fact that you had not made any payment up to that time?—did he say anything on the 6th? A No, no, he didn't say nothing. Q Nothing at all about that? A No. Q What did he say when you appeared on the 6th of April if anything? A He didn't say much; I told him I wanted to go take an inventory, 'Well, he says you don't have to,' I (he) says that place is sold you have nothing to do with it, that place is mine now, and he says, no, you will not take an inventory, and so I force him to do it. Q Did you take an inventory? A Yes."

Upon the ruling of the court to which an exception was alleged by plaintiff in error, as appears from the foregoing quoted excerpt from the transcript of evidence, plaintiff in error predicates the assignment that the trial court erred in admitting extrinsic evidence to vary the terms of the written instrument dated March 6, 1923, and admitted in evidence as plaintiff's Exhibit "A." It will be seen, however, that the question objected to and concerning which the ruling was had and exception taken was not answered by the witness. The evidence given by him and of which plaintiff in error complains was given by the witness, not in response to the question, to the allowance of which the plaintiff in error excepted, but in response to the subsequent questions to which no objection was made. In order to avail himself of the alleged error it was incumbent upon plaintiff in error to object to the questions when propounded. This he failed to do and under the circumstances this court must refuse to consider the assignment. (See *Saiki* v. *Lee Sing,* 27 Haw. 399, 402.)

The errors of law assigned to the verdict, judgment and denial of defendant's motion for a new trial are the same as those alleged under the other assignments and

hence will not be considered for the same reasons assigned for our refusal to consider the respective individual assignments. This leaves for our consideration the sole question of whether the verdict. is sustained by the evidence. No useful purpose could be subserved by a recitation of the evidence adduced or the inferences of which the same is capable. Careful scrutiny of the pleadings and the transcript of the evidence leads us to the conclusion that the verdict was amply sustained by the evidence.

Judgment affirmed.

*Watson & Lymer* and *H. K. Ashford* for plaintiff in error.

*G. K. French* for defendant in error.

