KIYO YOSHIOKA, ET AL., *v.* H. SHIRAKI.

No. 1665.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED NOVEMBER 8, 1926.          DECIDED DECEMBER 2, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

TRIAL—*failure of proof—instructions to juries.*

When there is an entire lack of evidence to sustain the material averments of a complaint it is error to refuse to instruct the jury, upon defendant's request, to return a verdict in his favor.

NEW TRIAL—*grounds of motion—verdict contrary to evidence.*

It is also error, under similar circumstances, when the jury has returned a verdict for plaintiff, to deny the defendant's motion to set aside the verdict and grant a new trial, the motion being based on the ground that the verdict is contrary to the evidence.

APPEAL AND ERROR—*exceptions.*

When a case comes to this court on exceptions, questions of law not specifically raised in the trial court and there decided and exception duly taken and embodied in a bill of exceptions will not be considered.

OPINION OF THE COURT BY BANKS, J.

This case comes here on exceptions. Kiyo Yoshioka and her seven minor children joined in an action against the defendant, H. Shiraki, claiming that through his negligent operation of an automobile he caused the death of one Fukumatsu Yoshioka, the husband of said plaintiff, Kiyo Yoshioka, and the father of the seven minor plaintiffs. The jury returned a verdict in favor of the plaintiffs and against the defendant for $7,500, upon which judgment was duly entered. The defendant seeks to have this judgment reversed on several grounds.

The principal question presented, and the only one we deem it necessary to consider, is whether there was any evidence of negligence on the part of the defendant which justifies the verdict of the jury. If there was not it was error for the circuit judge to refuse the defendant's instruction No. 1 which directed the jury to return a verdict in his favor. The defendant also filed and presented a motion to set aside the verdict and grant a new trial, one of the grounds being "that the said verdict was and is contrary to the law and the evidence and the weight of the evidence in that there was no evidence to sustain the allegations of plaintiffs' complaint as to negligence of the defendant and no showing that there was any negligence of the defendant." Another ground of the motion was that the court erred in refusing defendant's instruction No. 1 to return a verdict in his favor. Again, if there was no evidence to support the verdict the motion should have been granted.

It is unnecessary to recite all the evidence contained in the record. We have carefully examined it and find nothing in it that shows even in the remotest way any negligence on the defendant's part. The only person who testified to what occurred at the time and place of the accident was the defendant himself. It appears from his testimony that at about nine o'clock on the night of April 24, 1924, the defendant, who was a licensed automobile driver, was driving a Ford car on the right side of the Waialae road in Honolulu, going in the direction of Koko Head. He was driving at a moderate speed. It was not raining at the time and there were lights burning. When he reached a point opposite the Kuhio school and near a church situated on the makai side of the road he saw another car approaching, headed directly towards him. The headlights on the approaching car were so glaring that the defendant, whose sight was not very good, was

somewhat blinded, and in order to escape the danger of collision he slowed down to a speed of six or seven miles an hour and steered his Ford car further to the right until it was about two feet from the edge of the road. At the time he passed the approaching car he saw, some thirty or forty feet ahead of him, an object which he thought was a "dog or some other thing." As he passed this object he reduced the speed of his car still more and finally brought it to a stop. Just before reaching the object "the gasoline did something" which made the car "jump a little, dance a little." He could not identify the object but heard a sound "M-m." He got out of his car and found the object was a man and that he was lying down on the sidewalk. This man was the husband of the plaintiff, Kiyo Yoshioka, and the father of the minor plaintiffs. The evidence shows that he was badly wounded and bruised and that these injuries caused his death. There was no other evidence of the conduct of the defendant or the manner in which he was operating his car. There was evidence of certain statements made by the defendant, subsequently, to other people but none of these statements were inconsistent with what we have above recited. For instance, the plaintiff, Kiyo Yoshioka, testified that she had a talk with the defendant at his house on the morning after the death of her husband, when the defendant said to her, "I have done something that could not be excused," and when asked by the witness to give a detailed account of the accident he stated that he "was willing to do so but asked that he be given full time to think about it." Another witness, a police officer, testified that the defendant went to the police station on the night of the accident between 9 and 9:40 o'clock. The witness "immediately" went with the defendant to the place where the accident occurred and on the way the defendant said to the witness, "I was com-

ing towards Kaimuki on the Waialae road, passing the Kuhio school I saw a dark object in front of me. I was close to the Waikiki side of the street or road driving in the same direction along about forty feet in the rear of this object. There were two machines traveling from the opposite direction going towards town. They were big cars with strong headlights and it blinded me and I pulled my car to the right to keep away from the two cars that were just coming from the opposite direction. Just then I felt something hit my car on the right. I stopped and looked back and saw an object on the road. I immediately went to the nearest store trying to get in touch with the police station. While I was there, when I came back, the party was taken away from that spot so then I came down to the police station to find out whether there was an injured person brought to the police station." This witness also testified that when the defendant came to the police station he said, "I came down to find out because I think I hit one man." Rinsukie Horie, another witness, testified that he had a conversation with the defendant on April 25, 1924, at the defendant's house, and that the defendant said that an automobile was coming from in front of him with bright lights. When he saw those bright lights coming towards him he swerved to the right but collided with something and he said upon looking at that something he found it was a human being lying down.

Conceding that there was evidence tending to show that the defendant's car struck and injured the deceased, there is not a scintilla of evidence from which even the inference can be drawn that he was driving at an unlawful speed or that he failed in any respect to exercise the care required of him by law. For aught that appears to the contrary the accident was either unavoidable or caused solely by the carelessness of the deceased.

It is elementary that the burden of proving negligence as alleged in the complaint is on the plaintiff. There having been an entire failure of plaintiffs in this case to meet this requirement of the law it was error to refuse defendant's instruction No. 1. For the same reason it was also error to deny defendant's motion for a new trial.

In brief and in argument defendant's counsel contended that there was a misjoinder of parties plaintiff. This question was not raised in the court below and therefore was not there decided. The case coming here on exceptions, we can only consider those rulings of the trial court to which exceptions were taken and which are embodied in the bill of exceptions. There is no exception covering the question of misjoinder of parties plaintiff and we cannot consider it. In *Fraga* v. *Portuguese Mutual Benefit Society,* 10 Haw. 128, 129, this court said: "The other exception was taken to the 'decision and the findings of law and of fact therein.' Such an exception is too general and indefinite to be considered. The object of an exception as contemplated by the statute is to bring to this court a specific question of law upon which the trial court has erroneously ruled to the prejudice of the party excepting, and not to enable a party to cast the entire case upon the court for review. Such a loose method of practice is unfair to both the opposite party and the court." And in *Serrao* v. *Soares,* 11 Haw. 284, 285, the court said: "All alleged errors must be taken advantage of by exceptions and those exceptions be embodied in a bill of exceptions * * *. Each exception must appear clearly in a bill of exceptions that this court may be properly advised of the point before it." Again in *Saiki* v. *Lee Sing,* 27 Haw. 399, 402-3, the court said: "As has been repeatedly held by this court, objections which have not been saved in the court below cannot be raised for the first time on

appeal." See also *Zen* v. *Koon Chan,* 27 Haw. 369, 372; *Hou* v. *Hohlweg, Id.,* 760, 761.

The judgment of the lower court is reversed and a new trial granted.

*J. Lightfoot* (*Lightfoot & Lightfoot* on the briefs) for plaintiffs.

*A. E. Steadman* and *F. Patterson* (*A. E. Steadman* and *Patterson & Kelley* on the briefs) for defendant.