TERRITORY *v.* RAMONA RODRIGUES.

No. 1779.

ARGUED OCTOBER 21, 1927.    DECIDED OCTOBER 31, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In the district court of Honolulu the charge was entered against the defendant that "on the 30th day of April, 1927," she violated section 4492 of the Revised Laws of 1925 by being a vagrant "in that she was a common prostitute". She waived examination and demanded a jury trial. Subsequently the case came on for trial in the circuit court and there, upon motion of the prosecu-

tion and against the objection of the defendant, the charge was amended so as to show that the time of the commission of the offense was "on the 30th day of April, A. D. 1927, and for three months prior thereto". The jury rendered a verdict of guilty. The case comes to this court by bill of exceptions.

The first exception is to the ruling of the court permitting the charge to be amended. When the prosecution asked leave to amend, defendant's attorney said: "We certainly shall object to the amendment at this time, not being given notice of the amendment. We have no way of knowing what our plea would be to the amended complaint. If that complaint were filed at first, the plea might have been different. There is all the difference in the world between the amended complaint and the original complaint. It makes the whole case entirely different." The court, in allowing the amendment, expressly stated that it would "permit the defendant, if you like, to plead again." The complaint as amended was thereupon read by the prosecuting officer. Defendant made no request for additional time in which to plead but at once entered her plea of "not guilty." The objection which was offered to the amendment was without merit. In its general nature the offense charged remained the same after the amendment as before. The defendant having originally pleaded not guilty, the only other plea which she could have entered was one admitting her guilt. She might conceivably have asked for more time in which to determine what plea to enter. This she did not do, apparently feeling as well prepared to meet the amended charge as she was to meet the original charge. Under these circumstances there was no error in overruling the objection to the amendment. The objection above noted is the only one that was offered at the trial. Other possible objections will not be considered. It has been repeatedly held by this court that

"objections which have not been saved in the court below cannot be raised for the first time on appeal." *Saiki* v. *Lee Sing,* 27 Haw. 399, 402. To the same effect are *Fraga* v. *P. M. B. Society,* 10 Haw. 128, 129; *Serrao* v. *Soares,* 11 Haw. 284, 285; *Territory* v. *Wright,* 16 Haw. 123, 139; *McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239, 242; *Hou* v. *Holweg,* 27 Haw. 760, 761; and *Yoshioka* v. *Shiraki,* 29 Haw. 459, 463-464.

The second exception is to a ruling of the trial judge permitting a stenographer who took notes of the evidence adduced at an earlier trial of criminal proceedings against one Phillips to state that the defendant in the case at bar, who was a witness for the prosecution in the other case, there testified in the affirmative in answer to a question by the prosecuting officer: "What is your business? You are a prostitute, aren't you?" The only objection noted by the defendant's attorney was as follows: "At this time I object to the question as being improper and having no bearing on this case. I object to any statement made as pertaining to the case against Mr. Phillips and not against this defendant. The question put to her pertaining to what her business was or was not has nothing to do with the case at issue today. They are trying to work in something which has no connection with this case." In other words, the only objection was that a former admission by the defendant that she was guilty of the acts now charged against her was immaterial. This objection, obviously, could not be sustained. The objections argued by counsel in this court that the proper foundation was not laid by the prosecution for the admission of the alleged confession and that the confession being a judicial one was in any event not admissible, cannot be considered. They were not made at the trial and must be deemed to have been waived. They were such as to be capable of being waived.

The next alleged objection is to the admission of the testimony of one Ross that he knew that the occupation of the defendant during the time charged was that of a common prostitute. The objection noted was, "Objected to as no foundation." In the bill of exceptions it is stated in effect that the defendant excepted to this ruling. The stenographer's transcript of the evidence and of the proceedings had during the trial, which transcript was expressly made a part of the bill of exceptions, is silent on the subject. An examination of the transcript shows that the stenographer recorded objections as they were noted. At the point in question no exception is recorded. It does not appear that the question of whether or not an exception was in fact noted was considered by the trial judge at the time of the presentation of the bill of exceptions any further than by formal examination of the bill of exceptions. The trial was had on June 27, 1927, and the bill of exceptions was presented on August 2 and allowed on August 9. On the last mentioned date the presiding judge, if the statement presented in the bill had been attacked, could at best refer to the stenographer's transcript to ascertain whether the exception had been in fact noted. If a hearing had been had before him, a different question might be presented to us. In the case, however, of a conflict such as this between the showing of the stenographer's transcript, who noted objections and exceptions at the moment that they were uttered at the trial, and, on the other hand, the judge's formal certificate of the allowance of the bill, greater weight may well be given to the stenographer's transcript. This was the view taken in *Territory* v. *Masagi*, 16 Haw. 196, 204, and in *Territory* v. *Duvauchelle*, 28 Haw. 350, 378. The exception, therefore, is not before us for consideration.

The next succeeding exceptions are to the denial of a motion for a directed verdict and to the verdict itself on

the ground that it is contrary to the evidence. It would seem that, if proper objections had been made, one or more of the witnesses should not have been permitted to testify in general terms that the defendant was a common prostitute. That is the very conclusion of mixed law and fact which was before the jury for consideration and which it was not competent for any witness to testify to. Without sufficient objections and exceptions, however, a new trial cannot be granted on this account. Aside from those general statements, there was other evidence sufficient to sustain the verdict. One Morse, a detective of the City and County of Honolulu, testified that he had been in the police department almost fourteen years; that he had known the defendant six months or more; that she lived at the place stated, a tenement house which was occupied by "several Porto Rican prostitutes"; that he arrested the defendant on April 30, 1927; that on that day he asked her what she did for a living and that, without any force or threats being used, her reply was (not using the precise language disclosed by the transcript) that she gave herself up to indiscriminate lewdness for hire at the rate of $3.50 and that she had had so many customers the night before the arrest that she did not know their number. The witness continued that he had never known the defendant to have any lawful means of support or any support other than this particular business; that he had seen many men visiting in her place and that the reputation of the place was that it was a "tough joint occupied by prostitutes". None of this evidence was objected to. On cross examination the same witness continued that he had made a "round" of the defendant's place that evening and was in the habit of making such rounds because he knew of certain classes of men who habitually went to those places. Another witness, Kualii, a police officer, said that he had known the defendant about seven years; had never

known her to work; and that the defendant lived in "a place where lots of prostitute womens hang out, in the same building". Ross, a lieutenant of detectives who had been connected with the police department for fourteen years, testified that he had known the defendant for about eight years; that the reputation of the block where the defendant lived was that prostitutes lived there and that he had never known of the defendant's having any lawful means of support; that he had "seen her operate" previous to the 30th of April "on Vineyard Street in the rear of the pool room"; that he was in the habit of making rounds in that vicinity; that he had rounded up the prostitutes several times and had arrested defendant before for prostitution; that he had seen a man enter her room and the door close behind them and saw no more.

The evidence offered by the prosecution was not contradicted in any way. No evidence was offered by the defendant. It is impossible to say that a jury of reasonable men could not have been reasonably satisfied from this evidence that the defendant practiced prostitution during the period of time named in the charge. Upon the objections which were actually presented and the exceptions which were noted, the verdict cannot be disturbed.

The exceptions are overruled.

*F. M. Brooks,* Deputy City and County Attorney (also on the brief), for the Territory.

*H. E. Stafford* (also on the briefs) for defendant.