*W. J. Robinson* and *Robertson & Castle* for the trustees.

## TERRITORY *v.* BERNICE KIMBREL.

### No. 1880.

ARGUED SEPTEMBER 13, 1929.      DECIDED SEPTEMBER 23, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

82

OPINION OF THE COURT BY PERRY, C. J.

The defendant was convicted by a jury under a charge that she did at Honolulu "on the 1st day of August, A. D. 1928, unlawfully keep for the purpose of prostitution, to-wit: a certain house, known as the Plaza Hotel, situated at #1470 Fort Street, in said Honolulu, maintain a common nuisance and did then and there and thereby violate the provisions of section 4451 of the Revised Laws of Hawaii, 1925."

One of the contentions advanced under the bill of exceptions is that this charge does not set forth an offense in violation of section 4451. That section reads: "Places of prostitution, assignation, or lewdness; nuisances; punishment. Any room, house, building, boat, vehicle, structure, or place used or resorted to for the purposes of prostitution, assignation, or lewdness, is hereby declared to be a common nuisance; and any person who keeps or maintains such a common nuisance, or who knowingly lets or permits any room, house, building, boat, vehicle, structure, or place owned, leased, rented or controlled by him to be kept or maintained as such a common nuisance, or who, as owner or lessor thereof, suffers any room, house, building, boat, vehicle, structure, or place to be kept or maintained as such a common nuisance, after having been notified in writing by the sheriff or any prosecuting officer that the room, house, building, boat, vehicle, structure, or place is kept or used for that purpose, shall be fined not more than one thousand dollars and be imprisoned for not more than one year." Omitting words not applicable in the case at bar, the language of the statute is that "any *** building *** used *** for the purposes of prostitution *** is *** a common nuisance; and any person who keeps *** such a common nuisance *** shall be fined *** and be imprisoned." The

argument is that it is not charged that the Plaza Hotel was "used or resorted to" for the purposes of prostitution. A charge or statement that the defendant kept the Plaza Hotel for the purposes of prostitution is a charge that she kept the Plaza Hotel as a place used or resorted to for the purposes of prostitution. Without persons, men for example, resorting to the house it is impossible to conduct it as a place of prostitution. One statement is necessarily involved in the other.

In connection with the same point and in aid also of a contention that the evidence was insufficient to convict, it is urged by the defendant that in a prosecution under section 4451 it is essential to a conviction that the acts complained of should have been done with a woman or women other than the owner of the building. We do not so construe the section. There is nothing in its language to warrant such a construction. The statement is that any person who keeps a building for the purposes named violates the law. One who, although the owner of the building, is herself the prostitute and keeps the building for the purpose of conducting the business of prostitution, violates this statute just as clearly as does an owner who does not herself commit the acts referred to but leaves it to other women to do so. In either event the place is a house of prostitution and is being kept and maintained for the purpose of prostitution. In either event, also, as above stated, the building is being "used and resorted to" for those purposes. It is being so used by the owner who is herself the prostitute and by the men who visit her for that purpose. The building is obviously being "resorted to" by the men for those purposes,—just as in the case of an owner who herself abstains from those acts the place is used and resorted to by the women who practice them and by their male visitors.

It is not necessary to allege as a part of the charge the names of the prostitutes who so used the building. The accused is sufficiently informed of the nature of the charge when she is told that the accusation is that she kept or conducted a named house for the purposes of prostitution. A bill of particulars was not asked for.

Another contention on behalf of the defendant is that the verdict should be set aside because the prosecuting attorney did not, before the commencement of the trial, or at any time during the trial, inform the jury that the defendant had pleaded not guilty. We know of no such requirement of the law or of correct procedure. The prosecuting attorney informed the jury of the precise nature of the charge. The defendant was present and was represented by counsel. There was a contest throughout— with reference to the evidence, the instructions and the verdict. The defendant took the stand and denied the truth of all the accusations made against her in the testimony of the witnesses for the prosecution. She testified in effect that the Plaza Hotel had been conducted and maintained by her purely as a rooming house and without any acts violative of the law. To say that the jurors did not understand that the defendant had pleaded not guilty would be to attribute to them a lack of intelligence which should have disqualified them from sitting on the case. In *Crain* v. *United States,* 162 U. S. 625, cited by the defendant, the court did not hold to the contrary. In that case the record did not show that the defendant had entered any plea. The court declared that under those circumstances it must believe and find that no plea had been entered and held that without a plea being entered there could be no valid trial. It did not hold that when a defendant has actually pleaded not guilty the mere omission of the prosecuting attorney to expressly inform the jury of that fact would nullify the trial or require the

setting aside of the verdict. In the case at bar the defendant did actually plead not guilty and the record (minutes of proceedings, under date of November 28, 1928, p. 47) expressly shows that she did "enter a plea of not guilty to the charge herein charged."

One Okubo testified that on July 10, 1928, at a room in the Plaza Hotel he had sexual intercourse with a woman other than the defendant. It is contended that that testimony was inadmissible because the act testified to did not occur on August 1, 1928, the date specified in the charge. The rule is well established in this jurisdiction that unless time is made by the statute of the essence of the offense it need not be proved as alleged, provided only the proof relates to a time within the period of the statute of limitations and prior to the finding of the indictment or the entry of the charge. In *Territory* v. *Crawford,* 18 Haw. 246, 247, this court said: "Ordinarily the time of the commission of an offense must be specifically alleged, but unless it is of the essence of the offense it need not be proved as alleged; it is sufficient to allege any time within the statute of limitations and before the finding of the indictment and to prove any other time within that period. If, however, the time is of the essence of the offense it must be proved in so far as it is of the essence." In the case at bar it was not of the essence of the offense. The fact that the offense charged was of a continuing nature does not render the rule inapplicable. This question also was considered in *Territory* v. *Crawford,* the court saying: "Does, however, the fact that, as in the present case, the offense is of a continuing nature or that the time is alleged with a continuando make any difference? *** There is no reason of practical expediency or protection to the accused which calls for a distinction between single and continuing offenses in this respect. The accused will not be prejudiced in his defense to the

prosecution in question or in his right to plead former jeopardy in a subsequent prosecution any more in a case of a continuing offense than in the case of a single offense from the fact that the time proved need not be the same as that alleged, and in either case the law provides ample means of protection.  To avoid surprise he may call for a bill of particulars and, if necessary, obtain further time for preparing his defense; and in pleading former jeopardy he is not confined to the pleadings in the first case but may resort to the evidence to show precisely of what he was convicted.  *  *  *  If there is any solid basis for a distinction between the two classes of offenses in this respect it must be found in the very nature of a continuing offense.  It is difficult to find it there.  If proof may be made that an offense was committed on one day when it is alleged to have been committed on another day, why should not proof be allowed that it was committed during one week or one month when it is alleged to have been committed during another week or another month?  *  *  * It is also a general rule that a continuing offense may be proved to have been committed during a succession of days even though it is alleged to have been committed on a particular day." *Ib.,* 247-249.

One McIntosh, chief of detectives, was permitted to give testimony concerning the reputation of the place.  It is now argued that evidence of reputation is not admissible to prove such a charge as that under consideration. No such objection, however, was made to the admission of this testimony and no exception was taken.  The subject was not argued at the trial and no ruling was made on it.  Objections not made at the trial to the admission of evidence cannot be considered in this court under exceptions to rulings on other objections which were noted.  The general rule is that questions "not raised and properly preserved for review in the trial court will not be noticed

on appeal." 3 C. J. 689. "Objections which have not
been saved in the court below cannot be raised for the
first time on appeal." *Saiki* v. *Lee Sing,* 27 Haw. 399,
402, 403; *Hou* v. *Hohlweg,* 27 Haw. 760, 761; *Smith* v.
*Laamea,* 29 Haw. 750, 762; *Yoshioka* v. *Shiraki,* 29 Haw.
459, 463, 464. The only objection which was made was
that the witness was not "qualified" to give testimony of
reputation, in other words, that it had not been shown
that what the witness had heard could properly be classed
as reputation. No argument has been presented in this
court in support of the objection which was made at the
trial. Moreover, before the witness was permitted to give
testimony of reputation defendant's counsel, at his own
request, was permitted to cross-examine the witness at
length as to his "qualifications," that is, as to what he had
heard concerning the Plaza Hotel. It sufficiently appeared
from his testimony that a proper foundation had been
laid for evidence of reputation from this particular wit-
ness. In view of the fact that the question whether evi-
dence of reputation is admissible in such cases was not
properly raised by the objections noted or by the excep-
tions, we shall not consider that question.

The prosecution and the defendant having both rested,
the prosecution was permitted to recall a witness to testi-
fy, and the testimony was given, that at the time of her
arrest the defendant asked the arresting officer to permit
her to "steal" from him a five-dollar bill which he had
taken from her clothing and which the prosecution
claimed at the trial had been shortly before the arrest
handed to her by a customer in payment for intercourse.
After this evidence had been introduced, the defendant
was permitted to testify in surrebuttal that she had not
made the statement or request attributed to her concern-
ing permission to "steal" the money. Assuming that the
ruling was erroneous, certainly the defendant was not

prejudiced thereby. But there was no error in this respect. It would seem that the testimony was properly evidence in rebuttal, the defendant having denied in the course of her testimony that she had made any such admission. However that may be, and assuming that the testimony was strictly evidence in chief and not in rebuttal, it has often been held by this court that the mere order of the reception of testimony is a matter in the judicial discretion of the trial judge and that his rulings are not to be set aside unless there was an abuse of discretion. Before submission of the case to the jury it is within the discretion of the presiding judge to reopen the case and to admit further evidence introduced by the prosecution or by the defendant or by both. It is true that section 2393, R. L. 1925, relating to the order of proof and argument, provides in sub-section 4 that "the parties may then" (meaning after the defendant rests his case in chief) "respectively offer rebutting evidence only." This sub-section and the remainder of the section provide the ordinary and primary rules relating to the order of proof but cannot be properly construed to have been intended by the legislature to deprive the presiding judge of the power in his discretion, in the furtherance of justice, to reopen the case after its close or to admit evidence out of its usual order.

The defendant requested the court to instruct the jury that "a single act or any number of acts with the proprietress, the defendant, alone would not make the place a house of ill fame, but that it must have been used for that purpose more than once by others than the proprietress." The instruction was refused. In this there was no error. The rulings above made dispose of this question.

The defendant requested the court to instruct the jury that if it disbelieved the testimony of Okubo to the effect that he had illicit intercourse with a woman other than

the defendant they must acquit. This instruction proceeded upon the theory that the charge could not be supported by proof of acts with the proprietress alone. The instruction was refused. What has been already said also disposes of this question and shows that the refusal was correct.

One of the witnesses who testified that he had intercourse with the defendant on August 1, the date named in the charge, was a married man to whom the police authorities had given a five-dollar bill for the purpose of paying for the intercourse and thereby securing evidence against the defendant. A police officer accompanied the witness to the Plaza Hotel and upon the alleged completion of the offense entered the room, searched the defendant and from some part of her clothing took the five-dollar bill, the number of which had been noted at the police station before the parties proceeded to the Plaza Hotel. The argument is advanced in this court that the five-dollar bill was illegally secured from the person of the defendant, there being no warrant authorizing the search, and that this was a case of "entrapping" the defendant with the aid and encouragement of the police and that therefore the testimony relating to the finding of the money and that also relating to the particular act of intercourse was in-· admissible. These objections, however, were not made to the testimony when it was offered. It was received on both subjects without any objection whatever. The objection, therefore, was waived. Nor does it avail the defendant that a motion for the discharge of the defendant, made at the close of the case of the prosecution, was based partly upon the ground that "if it is true this defendant was entrapped in having intercourse with this Akui at the instigation of themselves and connived in by the police officers, it is contrary to the best" (public?) "policy." The evidence was admitted without objection. Had it

been objected to and had the objection been sustained, it is conceivable that the prosecution might have introduced other evidence tending to show the same or similar acts. There was not even a motion to strike the evidence from the record. It would have been unfair to the prosecution under these circumstances to discharge the defendant on the ground of the alleged inadmissibility of that evidence. For another reason, also, the ruling refusing to discharge the defendant must be sustained. A defendant cannot be permitted to sit by without objecting to questions asked of a witness in the hope, perhaps, that the answers will be favorable and then, the answers having been found to be unfavorable, at the end of the case to move for a discharge.

It is contended by the defendant that it was neither alleged nor proved that the defendant, prior to her arrest, was notified in writing by the sheriff or a prosecuting officer that the Plaza Hotel was being kept or used for purposes of prostitution; and that for this reason the conviction cannot be sustained. Such an allegation was not necessary. The requirement of the statute concerning notice in writing by the sheriff or by a prosecuting officer relates only to a person who "as owner or lessor thereof suffers any *** building *** to be kept or maintained as such a common nuisance" and does not refer to a person who herself directly keeps and maintains a common nuisance of the kind described. It does not refer to an accused who is herself practicing prostitution and conducting the building for that purpose. Such a defendant needs no information or notice from the sheriff or from the prosecuting officer to apprise her of the nature of the use of the place. The provision was intended only to apply to an owner who might, perhaps, be ignorant of the nefarious uses to which his building, leased or rented to others, was being put.

92

There was direct contradiction between the testimony of the witnesses for the prosecution and that of the witnesses for the defense. The credibility of the witnesses and the weight of the evidence were matters entirely within the province of the jury. The verdict shows that the jury disbelieved the defendant and her witnesses and believed the testimony of the witnesses for the prosecution. There was abundant evidence to sustain the verdict. The defendant had a fair trial and we find no error.

All other questions argued have been considered and need no further mention. The exceptions are overruled.

*W. T. O'Reilly,* Deputy City and County Attorney (*J. F. Gilliland,* City and County Attorney, with him on the brief), for the Territory.

*H. E. Stafford* and *M. L. Heen* (also on the briefs) for defendant.